WILLIAMS *v.* DAVISON'S ESTATE.

1. GUARDIAN AND WARD—GIFTS—VALIDITY.

An instrument executed by a minor ward, purporting, in consideration of love and affection, and of the care and attention bestowed on her by her guardian, to convey to the latter an interest in the ward's share of the estate of her deceased father, then in the hands of trustees, is unenforceable.

2. SAME.

So, too, is a like instrument, executed by a ward, in response to the importunities of the guardian, soon after arriving at majority, and before the settlement of the guardian's accounts.

Appeal from Wayne; Carpenter, J. Submitted April 8, 1903. (Docket No. 7.) Decided May 29, 1903.

Petition by Elvira Vail Williams to enforce an assignment of an interest in the estate of Crosier Davison, deceased. From an order denying the petition, petitioner appeals. Affirmed.

*Fred H. Aldrich,* for petitioner.

*Fred C. Harvey,* for defendant.

MONTGOMERY, J. The will of Crosier Davison bequeathed to his executors, as trustees, a residuum of his estate, with directions to receive the rents, profits, and accumulations until the youngest of two daughters should attain the age of 25 years, paying them, from such rents, profits, and accumulations, certain annuities, and directing a division of this residue equally between the two daughters when the youngest should reach the age of 25 years. The petitioner, Elvira Vail Williams, then a maiden lady, and a sister of the testator's wife, was by a codicil of the will allowed $5 per week from the estate so long as she remained with testator's daughters; and at the

same time a provision was made for her by the execution of deeds of realty, to be delivered at the testator's decease, and which were in fact delivered, from which an income of about $70 per month was derived. The petitioner was also appointed guardian of the two daughters, Hattie M. and Carrie M.

On the 21st of May, 1894, each of the daughters executed an instrument reciting that in consideration of the constant and faithful care and attention bestowed by petitioner, and in consideration of her care and attention bestowed upon the father and mother in their last illness, and in consideration of love and affection felt because of her motherly demeanor and attention, it purported to assign, convey, and set over to said Elvira Vail Williams the sum of $5,000 of her interest in the estate of her deceased father, and purported to authorize the executor to pay the same to petitioner. The two instruments were alike in form, and were executed at a time when Hattie M. was still under age and under the guardianship of the petitioner, and but a few months after Carrie M. had arrived at her majority. This petitioner asks that she be paid the amount named in these two several assignments. On the hearing of the case at the circuit, the application of the petitioner was denied, and she appeals to this court.

As to the case of Hattie M., there can be no doubt as to the correctness of the conclusion reached. She was at the time of the execution of this paper under age, and under the guardianship of petitioner. No new consideration moved to her. The evidence indicates that the paper was, in effect, an attempted gift, and the rule which prohibits guardians from profiting out of the estate of the ward applies with full force.

As to the validity of the assignment of Carrie M., the case is almost equally as clear. At the time the assignment was made, she was just past 21 years of age. The guardian's account had not yet been settled. The evidence clearly indicates that, without any exact knowledge

as to the amount of the estate which was coming to her, and because of importunities, not only of petitioner, but of the trustees of the estate, and as a means of satisfying the petitioner that she would care for her out of the estate, and, as Carrie M. testifies, to avoid trouble, she executed this agreement. The rule is elementary that, even after the ward attains majority and the guardian's accounts have been settled, while the disability of infancy has been removed, that arising from the trust relation is but slightly diminished, and contracts between the guardian and ward are scrutinized with the utmost care and caution, and, if the guardian derives a benefit or the ward suffers a loss by the transaction, it will not be sustained if the court is convinced that there is lacking the element of the utmost fairness and good faith. 15 Am. & Eng. Enc. Law (2d Ed.), p. 86. We think, within this rule, this attempted gift should not be sustained. While in no way intending to reflect upon the character or good faith of either the executor or the petitioner in this case, we think neither duly recognized the obligations resting upon them arising out of the trust relation, which in the one case still existed, and in the other had but shortly terminated, and that it is against equity to permit this attempted gift to be perfected.

The decree of the court below will be affirmed.

HOOKER, C. J., and GRANT, J., concurred. MOORE and CARPENTER, JJ., did not sit.