PEOPLE v COOK

Docket No. 63114. Submitted July 13, 1983, at Lansing.—Decided October 27, 1983.

Theodore Cook was convicted of first-degree murder committed in the perpetration or attempt to perpetrate a robbery, Recorder's Court of Detroit, Edward M. Thomas, J. Defendant appealed, alleging that, when the jury announced it was deadlocked, the trial court's instruction to the jury to continue deliberations was coercive. *Held:*

Any instruction to a deadlocked jury which is a substantial deviation from ABA Standard Jury Instruction 5.4 requires reversal. The court's comments to the jury in this case did not constitute an "instruction" within the meaning of the requirement. Furthermore, ABA Standard Jury Instruction 5.4(b) indicates that a trial court may require a jury to continue deliberations so long as the court does not threaten to require the jury to deliberate an unreasonable length of time or for unreasonable periods. The court's comments in this case did not violate this standard.

Affirmed.

1. TRIAL — JURY INSTRUCTIONS — DEADLOCKED JURY.

Any instruction to a deadlocked jury requiring further deliberations which is a substantial deviation from ABA Standard Jury Instruction 5.4 requires reversal, even where it cannot be objectively stated that the instruction given to facilitate resolution of the case was applied coercively or resulted in a coerced verdict.

2. TRIAL — JURY INSTRUCTIONS — DEADLOCKED JURY.

A trial court may require a deadlocked jury to continue deliberations so long as the court does not threaten to require the jury to deliberate an unreasonable length of time or for unreasonable periods (ABA Standard Jury Instruction 5.4[b]).

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 76 Am Jur 2d, Trial §§ 1054 *et seq.,* 1069, 1109.

Time jury may be kept together on disagreement in criminal case. 93 ALR2d 627.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward Reilly Wilson,* Deputy Chief, Civil and Appeals, and *Janice M. Joyce Bartee,* Assistant Prosecuting Attorney, for the people.

*Rubin & Margolis* (by *Elliott D. Margolis*), for defendant on appeal.

Before: M. J. Kelly, P.J., and R. B. Burns and R. A. Benson,* JJ.

Per Curiam. Defendant was tried before a jury in the Detroit Recorder's Court on a charge of committing first-degree murder while in the perpetration or attempt to perpetrate a robbery. MCL 750.316; MSA 28.548. After some eight hours of deliberations, extending over parts of three days, defendant was found to be guilty as charged. Thereafter, defendant was sentenced to life imprisonment. He now appeals as of right.

Defendant's sole claim on appeal is that the trial court's supplemental instruction to the jury after it had announced that it was deadlocked was coercive. Before the jury deliberations began, the trial court gave an instruction substantially complying with ABA Standard Jury Instruction 5.4. The jury deliberated for some 40 minutes following the court's closing instructions. The next day, after approximately six hours of deliberations, the jurors sent a note to the court indicating that they could not agree on a verdict. Over defense objection, the court decided to ask the jury to explain its note. Following an explanation from juror Hawthorne, the court said to the jurors:

---

* Circuit judge, sitting on the Court of Appeals by assignment.

"Members of the jury, this case took over a week to try. It is a very important case to both the prosecution and the defense.

"At this time I'm going to ask you to go home for the evening, come back tomorrow and continue your deliberations. If you reach a point sometime tomorrow where you feel you cannot reach a decision, let me know. As I have indicated, it is a very important case. It's nothing that should be taken lightly. I don't think you've taken it lightly up to this point. I just don't think you've spent enough time deliberating and talking over the case. In view of the fact that it did take a very long time to try this case, at this time I'm going to excuse you for the evening. I'll ask you to come back tomorrow morning at nine o'clock. You are not to call each other over the evening and discuss the case. Do not continue your deliberations until all 12 of you are in the juryroom."

The court then excused the jury for the evening. After approximately 1-1/2 hours of deliberations the following day, the jury returned a verdict of guilty as charged.

In *People v Sullivan,* 392 Mich 324, 342; 220 NW2d 441 (1974), the Michigan Supreme Court held that any "substantial deviation" from ABA Standard Jury Instruction 5.4 (which is designed to resolve a case without coercing a verdict) requires reversal. This result is mandated even where, as in *Sullivan,* it cannot be objectively stated that the instruction given to facilitate resolution of the case was "applied coercively" or resulted in a "coerced verdict". *Sullivan,* p 342. See, also, *People v Goldsmith,* 411 Mich 555; 309 NW2d 182 (1981).

In our opinion, however, the court's comments did not constitute an "instruction" falling within the meaning of *Goldsmith* or *Sullivan.* In Black's Law Dictionary (Rev 4th ed, 1968), p 941, the term "instruction" as used in trial practice is defined as:

"A direction given by the judge to the jury *concerning the law of the case;* a statement made by the judge to the jury *informing them of the law applicable to the case* in general or some aspect of it; an exposition of the rules or principles of law applicable to the case or some branch or phase of it, *which the jury are bound to accept and apply. Lehman v Hawks,* 121 Ind 541; 23 NE 670 (1890); *Boggs v United States,* 10 Okla 424; 63 P 969 (1900); *Lawler v McPheeters,* 73 Ind 577 (1881); *Davis v State,* 155 Ark 245; 244 SW 750, 752 (1922); *Kolkman v People,* 89 Colo 8; 300 P 575, 583 (1931)." (Emphasis added.)

Here, the court merely commented to the jurors that he did not believe that they had considered the case for a long enough time, sent them home, and told them to come back in the morning and continue deliberating. The court said nothing concerning the law to be applied to the case or in any way bound the jury to reach a particular result.

ABA Standard Jury Instruction 5.4(b) clearly indicates that the court may require the jury to continue deliberations so long as the court does not threaten to require the jury to deliberate an unreasonable length of time or for unreasonable periods. The facts set forth above clearly reveal that this standard was not transgressed.

We also note that defense counsel did not ask the court to give ABA Standard Jury Instruction 5.4. Apparently defense counsel did not believe this was necessary. We see no manifest injustice caused by the court's comments in this case.

Affirmed.