PEOPLE v PANNELL

Docket No. 92623. Submitted December 1, 1987, at Detroit. Decided August 17, 1988. Leave to appeal applied for.

Earl Lee Pannell was convicted of five counts of third-degree criminal sexual conduct following a jury trial in Detroit Recorder's Court and was sentenced, George W. Crockett, III, J. The jury was given the American Bar Association standard jury instruction 5.4, which instructs the jury about the conduct of deliberations. During deliberations, the jury sent a note to the judge stating that it could not reach an agreement. The judge, off the record and without consulting counsel, sent a note back to the jury instructing it to continue deliberating. The note was placed in the court file. Afterwards, the judge called the attorneys to the courtroom and informed them, on the record, of the jury's note and his response. Shortly thereafter, the jury returned its verdict. Defendant appealed, requesting reversal because the trial judge communicated with the deliberating jury off the record and without informing counsel.

The Court of Appeals *held:*

The judge's note to the jury does not require reversal of defendant's convictions. While the judge should have proceeded on the record and in the presence of counsel, the judge's instruction to the jury to continue deliberating was consistent with the standard jury instruction and the written note to the jury was included in the court file. Unlike oral communications with the jury where it is impossible to know what was said to the jury and to determine whether there was any prejudice to the defendant's rights, the communication in this case was preserved in the record. The instruction given was proper and there is no reason to reverse defendant's convictions on this ground.

Affirmed.

REFERENCES

Am Jur 2d, Trial §§ 999 *et seq.*

Postretirement out-of-court communications between jurors and trial judge as grounds for new trial or reversal in criminal case. 43 ALR4th 410.

CRIMINAL LAW — JURY — COMMUNICATION WITH JURY.

> The fact that a trial judge, off the record and without first consulting the attorneys, wrote a note instructing the jury, in response to its note stating it could not reach agreement, to keep deliberating does not automatically entitle the defendant to reversal of his convictions where the judge later informed the attorneys, on the record, of the communication and placed the note in the court file.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *John D. O'Hair,* Prosecuting Attorney, *Timothy A. Baughman,* Chief of the Criminal Division, Research, Training and Appeals, and *Joseph A. Puleo,* Assistant Prosecuting Attorney, for the people.

State Appellate Defender (by *Derrick A. Carter),* for defendant on appeal.

Before: SULLIVAN, P.J., and CYNAR and R. J. TAYLOR,* JJ.

PER CURIAM. Defendant was charged with eight counts of criminal sexual conduct, first degree, MCL 750.520b; MSA 28.788(2), convicted by a jury of five counts of criminal sexual conduct, third degree, MCL 750.520(d); MSA 28.788(4), and sentenced to ten to fifteen years in prison. Defendant appeals his convictions as of right. We affirm.

The trial judge included in his instructions the American Bar Association standard jury instruction 5.4, which instructs the jury about the conduct of deliberations. This instruction was adopted by our Supreme Court in *People v Sullivan,* 392 Mich 324, 341-342; 220 NW2d 441 (1974). After the instructions were given, the jury was dismissed for the day and began deliberations the next morning. On the second day of deliberations at 10:38 A.M.,

---

* Circuit judge, sitting on the Court of Appeals by assignment.

the jurors sent a note to the trial judge stating that they could not reach an agreement. Without consulting counsel, the trial judge sent back a note instructing the jury, "continue your deliberations." The judge's note was placed in the court file. At 12:12 P.M., the jury requested an exhibit. At 12:20 P.M., the trial judge called the attorneys to the courtroom and informed them, on the record, of the jury's note and his response. At 12:26 P.M., the jury returned the verdict.

This Court granted defendant leave to file a supplemental brief requesting reversal under *People v Lyons,* 164 Mich App 307; 416 NW2d 422 (1987), because the trial judge communicated with the deliberating jury off the record and without informing counsel.

We conclude that the instant case is distinguishable from the case in *Lyons* and that the trial judge's note to the jury does not require reversal of defendant's convictions.

In *Lyons,* the jury sent the trial judge a note stating that it could not reach a verdict and asking for suggestions. The trial judge ordered the bailiff to tell the jury to "keep on working." The decision in *Lyons* was based on *People v Cain,* 409 Mich 858; 294 NW2d 692 (1980), reversing 94 Mich App 644; 288 NW2d 465 (1980). In *Cain,* as in *Lyons,* the trial judge sent the bailiff to orally answer the jury's question. In both cases, it was impossible to know what was said to the jury by the bailiff and, consequently, to determine whether there was any prejudice to the defendants' rights.

By contrast, the trial judge in this case sent a written note to the jury which was included in the lower court file. We agree with the prosecutor that the judge's instruction to the jury to "continue your deliberations" was consistent with the ABA Instruction 5.4, which was approved by our Su-

preme Court in *People v Sullivan, supra.* While the trial judge should have proceeded on the record and in the presence of counsel, we find no error requiring reversal since the instruction given was proper. See *People v Cook,* 130 Mich App 203; 342 NW2d 628 (1983), lv den 422 Mich 910 (1985).

We also state that we, like a growing number of our fellow appellate judges, disagree with the strict rule requiring reversal set forth in *People v Cain, supra.* Like Judge SAWYER in his concurrence in *People v Lyons, supra,* p 311, we do not believe that contact with a deliberating jury can never be harmless error. We join Judge SAWYER in urging the Supreme Court to review this issue.

Affirmed.