WAYNE COUNTY PROSECUTOR v RECORDER'S COURT JUDGE

Docket No. 109264. Submitted February 22, 1989, at Detroit. Decided June 20, 1989. Leave to appeal applied for.

George Earl Beavers and Halord Swain, originally charged in Detroit Recorder's Court with delivery of over 650 grams of a mixture containing cocaine, were convicted of attempted delivery of over 650 grams of a mixture containing cocaine at the conclusion of a bench trial before Dominick R. Carnovale, J., who sentenced them to sixty days in jail and three years of probation. The Wayne County Prosecutor filed a complaint for superintending control against the Detroit Recorder's Court Judge in the Court of Appeals, which granted the complaint and directed the parties to proceed to a hearing on the merits in the same manner as in an appeal as of right.

The Court of Appeals *held:*

1. Section 7105(1) of the controlled substances act, MCL 333.7105(1); MSA 14.15(7105)(1), defines "delivery" as the actual, constructive or attempted transfer of a controlled substance. Thus, any attempt to deliver cocaine is subsumed under the crime of delivery itself. The trial court therefore committed a clear legal error in convicting defendants of attempted delivery, a nonexistent crime.

2. In convicting the defendants of an offense which was lesser than that with which they were originally charged, the trial court effectively acquitted the defendants of the original charge. When a defendant has been effectively acquitted, retrial on the original offense is barred by double jeopardy even if the legal ruling underlying the acquittal is erroneous. Thus, this Court cannot, as the prosecutor urges, direct the trial court to vacate its verdict and enter a verdict finding the defendants guilty of delivery of cocaine, since to do so would violate double jeopardy.

Affirmed.

REFERENCES

Am Jur 2d, Criminal Law §§ 158, 243 *et seq.*; Drugs, Narcotics, and Poisons §§ 40-48.

See the Index to Annotations under Attempt to Commit Crime; Double Jeopardy; Drugs and Narcotics.

1. CONTROLLED SUBSTANCES — CRIMINAL LAW — DELIVERY OF CONTROLLED SUBSTANCES.

    The controlled substances act defines "delivery" as the actual, constructive or attempted transfer of a controlled substance; thus, under the act there is no such offense as an "attempted delivery" of a controlled substance, since any attempt is subsumed under the crime of delivery itself (MCL 333.7105[1]; MSA 14.15[7105][1]).

2. CRIMINAL LAW — ATTEMPT — STATUTES.

    The statute which makes it a crime to attempt to commit an offense prohibited by law applies only when no express provision is made by law to punish such criminal attempt (MCL 750.92; MSA 28.287).

3. CONSTITUTIONAL LAW — DOUBLE JEOPARDY — ACQUITTAL — RETRIAL.

    When a criminal defendant has been effectively acquitted, retrial on the original offense is barred by double jeopardy even if the legal ruling underlying the acquittal is erroneous.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *John D. O'Hair,* Prosecuting Attorney, *Timothy A. Baughman,* Chief of the Criminal Division, Research, Training and Appeals, and *Don W. Atkins,* Principal Attorney, Appeals, for the people.

*Carl Ziemba,* for Halord Swain.

Before: MICHAEL J. KELLY, P.J., and DOCTOROFF and CAVANAGH, JJ.

PER CURIAM. George Earl Beavers and Halord Swain were originally charged with delivery of over 650 grams of a mixture containing cocaine, MCL 333.7401(2)(a)(i); MSA 14.15(7401)(2)(a)(i). The defendants were tried in a bench trial held in Detroit Recorder's Court. The trial judge found them guilty of attempted delivery rather than actual delivery and sentenced them to sixty days in jail and three years of probation. The Wayne

County Prosecutor sought a writ of superintending control. This Court granted the prosecutor's complaint and directed the parties to proceed to a hearing on the merits in the same manner as in an appeal as of right.

On appeal, the people argue that the trial court committed an error of law by finding the defendants guilty of attempted delivery of cocaine. The prosecution argues that the court erred by finding defendants guilty of a nonexistent offense, attempted delivery of cocaine.

Section 7401 of the controlled substances act makes criminal the delivery of over 650 grams of a mxiture containing a controlled substance. MCL 333.7401(2)(a)(i); MSA 14.15(7401)(2)(a)(i). Section 7105 of the same act defines "delivery" as "the actual, constructive, or *attempted* transfer . . . of a controlled substance." MCL 333.7105(1); MSA 14.15(7105)(1). The general criminal attempt statute, MCL 750.92; MSA 28.287, is applicable only "when no express provision is made by law to punish such [criminal] attempt." Thus, under the controlled substances act, there is no such offense as "attempted delivery of cocaine." Any attempt is subsumed under the crime of delivery itself. See *People v Wright,* 74 Mich App 297, 301-302; 253 NW2d 739 (1977). Here, the trial judge claimed to be "exercising his discretion" so as to find the defendants guilty of this supposed lesser offense. What the judge was really doing was reacting to a perceived unreasonable inflexibility on the part of the prosecutor.[1] The Supreme Court has limited

---

[1] At sentencing when the assistant prosecutor insisted that defendants should be given the statutorily mandated sentence of life imprisonment, Judge Carnovale responded:

*The Court:* He was found guilty of attempt either delivery or possession with intent to deliver. It's just the same thing that the prosecutor does in allowing guilty pleas in negotiation pleas and everything, is that I did it in the manner of exercising my

the power of compromise and leniency to juries.[2] It has disapproved those powers for a trial judge sitting without a jury.[3] A trial judge sitting as a factfinder in a bench trial is not permitted to reach "compromise" verdicts such as this one. *People v Burgess,* 419 Mich 305, 310-311; 353 NW2d 444 (1984). The trial court committed a legal error by convicting defendants Swain and Beavers of a nonexistent crime.

On the basis of this error, the prosecutor urges us to vacate the trial court's verdict and direct the trial court to enter verdicts of guilty against defendants for delivery of over 650 grams of a mixture containing cocaine. We cannot. The remedy requested is barred by the prohibition against double jeopardy.

The record below indicates that the trial judge specifically found that there was insufficient evidence of an "attempt" by the defendants to convict them of delivery of cocaine under § 7401 of the controlled substances act. However, the judge did find that there was sufficient evidence to convict the defendants of attempted delivery under the general attempt statute. A conviction for a lesser included offense operates as an acquittal of the originally charged crime. *Price v Georgia,* 398 US 323, 327; 90 S Ct 1757; 26 L Ed 2d 300 (1970). When a defendant has been effectively acquitted, retrial on the original offense is barred by double jeopardy even if the legal ruling underlying the

discretion. It's just attempt delivery, that's all, delivery statute, and it's attempt—possession with intent to deliver, they're all under the same statute.

I don't know where the Prosecutor's Office coming off on this thing anyway. The Prosecutor's Office is really in a state of disarray at this point in their history, so I really don't know what they're coming from anyway.

[2] *People v Vaughn,* 409 Mich 463; 295 NW2d 354 (1980).

[3] *People v Vaughn, supra; People v Burgess,* 419 Mich 305; 353 NW2d 444 (1984).

acquittal is erroneous. *Sanabria v United States,* 437 US 54, 64; 98 S Ct 2170; 57 L Ed 2d 43 (1978). Here, the trial judge effectively acquitted the defendants of delivery of cocaine. Thus, any action on our part which would effectuate a guilty verdict for delivery of cocaine would violate the constitutional prohibition against double jeopardy. We affirm the trial court's verdict. We do not thereby legitimize the process used by the trial court.

Affirmed.