PEOPLE v MARJI

PEOPLE v THOMAS

Docket Nos. 97778, 99664. Submitted April 4, 1989, at Lansing. Decided October 16, 1989.

Ghazi S. Marji and Robert S. Thomas were found guilty of delivery of more than 225 grams but less than 650 grams of cocaine following a jury trial in Recorder's Court of Detroit, Thomas E. Jackson, J. Marji was also convicted of conspiracy to deliver cocaine. Each defendant appealed. The appeals were consolidated.

The Court of Appeals *held:*

1. The trial court properly refused to instruct the jury as to attempted delivery of cocaine, delivery of more than fifty grams but less than 225 grams of cocaine and possession and attempted possession of cocaine. There is no such offense as attempted delivery of cocaine. Under the facts adduced, there was no evidence which would support the cognate included offenses of possession or attempted possession, since, while there was evidence that defendants were guilty of delivery of cocaine, there was no evidence that either possessed or attempted to possess the cocaine. There was no evidence from which the jury could have found that there was delivery of cocaine in the lesser amounts required for conviction of those cognate lesser included offenses.

2. Reversal is not mandated by reason of the trial judge's ex parte inquiry of the jury as to the exact nature of the question which they sent to the judge during deliberations, since the judge's subsequent response to the jury's inquiry took place in

REFERENCES

Am Jur 2d, Appeal and Error §§ 549, 552, 603, 883; Criminal Law §§ 590, 629, 919, 975; Drugs, Narcotics, and Poisons §§ 40, 41, 47, 48; Witnesses §§ 472, 492.

Review for excessiveness of sentence in narcotic cases. 55 ALR3d 812.

Comment Note—Length of sentence as violation of constitutional provisions prohibiting cruel and unusual punishment. 33 ALR3d 335.

open court after the trial judge had informed counsel of the jury's inquiry.

3. The trial court's instruction on a defendant's right not to testify was adequate and proper.

4. The question of whether defendant Marji was denied effective assistance of counsel was not properly preserved for appellate review.

5. The question of the propriety of admitting into evidence a certain shotgun was not preserved for appellate review as there was no objection to its admission at trial.

6. Reversal is not mandated by reason of the trial court's reference to cocaine as being a narcotic drug, as there was no objection at trial and the reference did not result in manifest injustice.

7. The question of the propriety of the failure of the prosecutor to disclose the identity of a confidential police informer and to indorse such person as a res gestae witness was not properly raised on appeal, since there was never a motion to disclose the identity of the informer and the informer clearly was not a res gestae witness.

8. The record failed to support the claim that the jury at the time it rendered its verdict was confused as to the elements necessary to convict for conspiracy.

9. The trial court properly sentenced defendant Marji on the conspiracy conviction to the same twenty-year minimum as was applicable to the delivery conviction.

10. None of the prosecutor's remarks during closing arguments were such as would deny defendant Marji a fair trial.

11. The conviction of defendant Thomas of delivery of cocaine was not contrary to the great weight of the evidence.

12. The sentence of twenty to thirty years imposed on defendant Thomas does not constitute cruel and unusual punishment. The fact that the Legislature amended the statute under which defendant was sentenced to provide a mandatory ten-year minimum sentence rather than the twenty-year minimum in effect at the time of the commission of this crime does not entitle defendant Thomas to be sentenced under the new provision.

Affirmed.

MICHAEL J. KELLY, P.J., concurred in the affirmance of defendants' convictions but dissented from the holding that the sentence of defendant Thomas does not constitute cruel and unusual punishment. He would remand to have defendant Thomas resentenced under the new provision.

1. CONTROLLED SUBSTANCES — CRIMINAL LAW — DELIVERY OF CONTROLLED SUBSTANCES.

   There is no such offense as an "attempted delivery" of a controlled substance, since any attempt is subsumed under the crime of delivery itself.

2. CONTROLLED SUBSTANCES — POSSESSION OF CONTROLLED SUBSTANCES — DELIVERY OF CONTROLLED SUBSTANCES — COGNATE OFFENSES — JURY INSTRUCTIONS.

   The offenses of possession and attempted possession of cocaine are cognate included offenses of delivery of cocaine, and jury instructions as to those included offenses need not be given if the evidence adduced at trial would not support convictions for those crimes.

3. CONTROLLED SUBSTANCES — DELIVERY OF CONTROLLED SUBSTANCES — COGNATE OFFENSES.

   The offenses of delivery of less than fifty grams of cocaine and delivery of more than fifty grams but less than 225 grams of cocaine are cognate included offenses of delivery of more than 225 grams but less than 650 grams of cocaine.

4. CRIMINAL LAW — JURY — COMMUNICATION WITH JURY.

   An ex parte inquiry by a trial judge of a jury as to the exact nature of a request sent by the jury to the judge during its deliberations does not mandate a new trial where immediately thereafter the trial judge excused the jury for the day, informed counsel of the jury's request and, with the consent of counsel, reinstructed the jury as to the element about which the jury sought assistance.

5. WITNESSES — CROSS-EXAMINATION — APPEAL.

   A trial court has great discretion in limiting cross-examination and such discretion is not subject to review unless a clear abuse of discretion is shown (MRE 611[a]).

6. CRIMINAL LAW — APPEAL — ASSISTANCE OF COUNSEL.

   A motion for a new trial or an evidentiary hearing is generally a prerequisite for appellate review.

7. EVIDENCE — CRIMINAL LAW — APPEAL.

   Failure to object at trial to the admission of physical evidence precludes raising on appeal the question of whether such evidence should not have been admitted into evidence because it was unlawfully seized.

8. CRIMINAL LAW — WITNESSES — RES GESTAE WITNESSES — APPEAL
— PRESERVING QUESTION.

Failure by a criminal defendant, either prior to or during trial, to
request disclosure of the identity of a confidential police infor-
mant and produce such person as a res gestae witness waives
appellate consideration of whether such person should have
been produced.

9. CONTROLLED SUBSTANCES — CONSPIRACY — SENTENCING.

The mandatory minimum sentence applicable to a conviction for
delivery of between 225 and 650 grams of cocaine is also
applicable to a conviction of conspiracy to deliver between 225
and 650 grams of cocaine (MCL 750.157a[a]; MSA 28.354[1][a]).

10. CRIMINAL LAW — PROSECUTORIAL MISCONDUCT.

The test of prosecutorial misconduct is whether the defendant
was denied a fair and impartial trial; questions of such miscon-
duct are decided on a case-by-case basis by evaluating the
wrongful act in the context of the record.

11. CRIMINAL LAW — EVIDENCE — SUFFICIENCY OF EVIDENCE —
APPEAL.

The Court of Appeals, in reviewing a claim that the evidence
against the defendant was not sufficient to support a conviction,
must view the evidence in a light most favorable to the prose-
cution and determine whether a rational trier of fact could
have found that the essential elements of the crime were
proven beyond a reasonable doubt.

12. CRIMINAL LAW — SENTENCING — CONTROLLED SUBSTANCES —
CRUEL AND UNUSUAL PUNISHMENT.

The mandatory twenty-year minimum sentence for delivery of
between 225 and 650 grams of a mixture containing cocaine
does not constitute cruel and unusual punishment (MCL
333.7401[2][a][ii]; MSA 14.15[7401][2][a][ii]).

13. STATUTES — CRIMINAL LAW — AMENDMENT OF STATUTES — SEN-
TENCING — RETROACTIVITY.

Amendments to criminal statutes concerning sentencing or pun-
ishment are not retroactive.

*Frank J. Kelley,* Attorney General, *Louis J.
Caruso,* Solicitor General, *John D. O'Hair,* Prose-
cuting Attorney, *Timothy A. Baughman,* Chief of
the Criminal Division, Research, Training and
Appeals, and *Janice M. Joyce Bartee,* Assistant
Prosecuting Attorney, for the people.

*Barton, Benedetto & Bishop* (by *Bruce A. Barton*), for defendant Marji.

*Roman S. Karwowski,* for defendant Thomas.

Before: MICHAEL J. KELLY, P.J., and GILLIS and CYNAR, JJ.

CYNAR, J. Defendants Ghazi Salameh Marji and Robert Stanley Thomas were jointly tried by a jury and found guilty of delivery of between 225 and 650 grams of cocaine. MCL 333.7401(1) and (2)(a)(ii); MSA 14.15(7401)(1) and (2)(a)(ii). The jury also found defendant Marji guilty of conspiracy to deliver cocaine. MCL 750.157a; MSA 28.354(1). The court sentenced defendant Marji to two concurrent sentences of twenty to thirty years, and sentenced defendant Thomas to twenty to thirty years.

I

Both defendants argue that the trial court committed error mandating reversal by failing to instruct the jury regarding lesser offenses of delivery of smaller amounts of cocaine. We find that the trial court did not err by failing to give these instructions.

It is the trial court's duty to instruct the jury regarding the law applicable to the case. MCL 768.29; MSA 28.1052. Defendants Marji and Thomas requested additional jury instructions on the offenses of attempted delivery, delivery of less than fifty grams of cocaine, delivery of more than fifty grams but less than 225 grams of cocaine, and possession and attempted possession of cocaine. The court declined to give these jury instructions and proceeded to instruct the jury on the charged

offenses of delivery of between 225 and 650 grams
of cocaine and conspiracy to deliver cocaine.

We first note that there is no lesser included
offense of "attempted delivery of cocaine." Under
the statute, any attempts are subsumed in the
actual offense of delivery. *Wayne Co Prosecutor v
Recorder's Court Judge,* 177 Mich App 762; 442
NW2d 771 (1989).

With regard to the other instructions not given,
we note that there are two types of lesser included
offenses: (1) necessarily included lesser offenses,
which must be committed in order to commit the
greater offense; and (2) "cognate" lesser included
offenses, which share several elements with the
offense and are of the same class or category as
the greater offense, but which may contain ele-
ments not found in the higher offense. *People v
Beach,* 429 Mich 450, 461; 418 NW2d 861 (1988). If
a lesser offense is necessarily included and a defen-
dant requests an instruction on that offense, the
court must instruct the jury regarding that lesser
crime. *Id.* at 463-464. When the lesser crime in
question is a cognate offense, the court must exam-
ine the evidence presented and give the instruc-
tion when the evidence adduced would support a
conviction for the lesser offense. *Id.* at 464.

The offenses of possession and attempted posses-
sion of cocaine, though related to the offense of
delivery of cocaine, require proof of the element of
possession or attempted possession of the cocaine,
which is not required under the delivery offense.
Thus these are cognate offenses to the crime of
delivery, and instructions regarding these offenses
need not be given if the evidence would not sup-
port convictions for those crimes. See *People v
Kamin,* 405 Mich 482, 497-498; 275 NW2d 777
(1979). Here the evidence did not show that either
defendant Marji or Thomas possessed or attempted

to possess cocaine. Defendant Marji arranged the cocaine sale from his gas station, informing undercover police officers how and where to obtain the cocaine. Defendant Thomas did not possess or attempt to possess cocaine, but allegedly aided in the sale of the cocaine to undercover police. The trial court did not err by refusing to instruct the jury regarding possession or attempted possession of cocaine.

While delivery of lesser amounts of cocaine are crimes within the same category as delivery of over 225 grams of cocaine and share some elements with the greater offense, they also contain essential elements not present in the greater offense, namely proof of lesser quantities of controlled substances. MCL 333.7401(1), 337.7401(2)(a)(i)-(iv); MSA 14.15(7401)(1), 14.15(7401)(2)(a)(i)-(iv). Thus these lesser offenses must be considered cognate offenses. *Beach, supra.* The evidence presented did not indicate that defendants were guilty of these lesser cognate offenses. The evidence presented showed that defendants arranged the delivery of 476.92 grams of cocaine to undercover police officers. This evidence did not support convictions for delivery of lesser amounts, so the trial court did not err in failing to instruct on these offenses.

II

Both defendants Marji and Thomas argued that the trial court's ex parte communication with the jury requires reversal. Defendant Marji also claims that the cumulative effect of several other errors committed by the trial court denied him a fair trial.

The alleged ex parte communications occurred as follows. On November 24, 1986, the jury was

deliberating. At around 4:10 P.M. the jury sent a note to the trial judge requesting "Dictionary, according to Michigan law." The judge asked the jury to clarify its request, then proceeded to excuse the jury for the remainder of the day. The following morning, the court informed the attorneys of what had occurred and that the jury had sent a second note that morning requesting "conspiracy, definition." With the consent of both defense attorneys and the prosecutor, the court reinstructed the jury regarding conspiracy.

The court's communication with the jury does not require reversal. While the trial judge should have proceeded on the record and in the presence of counsel, no error requiring reversal occurred here since the instruction ultimately was given with the consent of counsel and on the record. See *People v Pannell,* 170 Mich App 768, 771; 429 NW2d 233 (1988).

Defendant Marji also claims that the cumulative effect of several additional errors committed by the trial court denied him a fair trial. We find defendant's claims of error meritless.

Although the trial judge did not follow the wording of jury instruction CJI 3:1:06 regarding a defendant's right not to testify, the court's instruction adequately informed the jury of the applicable law and did not constitute error. *People v Mixon,* 170 Mich App 508, 517-518; 429 NW2d 197 (1988).

Defendant Marji claims that the trial court improperly determined that the prosecutor established a conspiracy prior to defense counsel's cross-examination of the prosecution witnesses. We disagree. A trial court has broad power to control the interrogation of witnesses. MRE 611(a); *People v Larry,* 162 Mich App 142, 154; 412 NW2d 674 (1987). Appellate review of such decisions by the trial court is precluded unless the record shows a

clear abuse of discretion. *People v Taylor,* 386 Mich 204; 191 NW2d 310 (1971). No such abuse of discretion is indicated here. The cumulative effect of these alleged errors does not require reversal of defendant Marji's convictions.

### III

Defendant Marji argues that the performance of his trial attorney denied him effective assistance of counsel. We disagree.

Our review of claims of ineffective assistance of counsel is limited to the facts contained in the record. *People v Hedelsky,* 162 Mich App 382, 387; 412 NW2d 746 (1987). To preserve the issue of effective assistance of counsel, a defendant should move for a new trial or an evidentiary hearing before the trial court. *People v Ginther,* 390 Mich 436, 443; 212 NW2d 922 (1973). Failure to move for a new trial or *Ginther* hearing usually forecloses appellate review unless the appellate record contains sufficient detail to support defendant's claims. *Hedelsky,* 387. Here defendant Marji did not move for a new trial or a *Ginther* hearing before the trial court. Review of the existing record does not support defendant Marji's claim of ineffective assistance of counsel, so he has effectively waived review of this issue.

### IV

Defendant Marji argues that the trial court committed error requiring reversal by admitting a shotgun into evidence at trial. This shotgun was found at a house where the cocaine delivery actually took place and was seized incident to the arrest of defendant Thomas and another suspect. Defendant Marji now claims that this shotgun was

illegally seized and impermissibly admitted as evidence, and so requires reversal of his conviction. We disagree.

To preserve an evidentiary issue for review, a defendant opposing the admission of evidence must object to the evidence at trial. MRE 103(a)(1). Defendant Marji failed to object to the admission of this evidence at trial, and so has waived review of this issue on appeal.

V

Defendant Marji claims that reversal of his conviction is required because the trial court erroneously referred to cocaine as a "narcotic drug" in its instructions to the jury. We find this contention meritless. Defendant Marji did not object to this instruction at trial. Issues involving erroneous jury instructions are not considered on appeal unless they have been preserved by an objection at trial. *People v Kelly*, 423 Mich 261, 272; 378 NW2d 365 (1985). Without an objection, relief will be granted only in cases of manifest injustice. *Id.* Here the trial court's characterization of cocaine as a "narcotic drug" was of little importance to the case against defendant Marji and did not result in manifest injustice. We therefore decline to consider this issue.

VI

Defendant Marji also claims that he was denied a fair trial due to the prosecutor's failure to identify or produce a confidential police informant as a res gestae witness. We disagree.

Defendant Marji did not request disclosure of the identity of this informant before or during trial despite the fact that defendant was aware of

the existence of this informant. By failing to raise this issue below, defendant Marji has waived review on appeal. *People v Baskin,* 145 Mich App 526, 531; 378 NW2d 535 (1985). Additionally, we note that the present version of the res gestae witness statute does not require the prosecutor to endose and produce all res gestae witnesses for trial. MCL 767.40a; MSA 28.980(1). Furthermore, under the facts of this case, the informant could not be considered a res gestae witness. The informant merely introduced an undercover police officer to defendant Marji and did not witness anything significant to this crime. The informant was not a res gestae witness under the definition given in *Baskin,* pp 530-531.

## VII

Defendant Marji argues that his conspiracy conviction must be reversed because the jury lacked a full understanding of the elements of conspiracy and because the information and the trial court's instructions failed to set forth the amount of cocaine involved in the conspiracy. We disagree.

After reinstructing the jury regarding conspiracy, while the jury remained seated, the trial court took the verdict as to defendant. Marji. Before taking the verdict, the court specifically asked the jury whether the additional conspiracy instructions affected this verdict. The jurors replied that it had not. In light of these facts, it appears that the jury adequately understood the elements of conspiracy to convict defendant Marji.

Nor did the trial court's failure to specify the quantity of cocaine involved in the conspiracy require reversal of defendant Marji's conspiracy conviction. While instructing the jury regarding conspiracy, the court did not specify that defen-

dant was charged with conspiracy to deliver between 225 and 650 grams of cocaine. However, these instructions immediately followed the court's instructions regarding delivery of cocaine, where the court twice informed the jury that defendant Marji was charged with delivery of between 225 and 650 grams of cocaine. It was clear that the charges against defendant arose out of one transaction involving the same quantity of drugs, thus the jury was well aware of the amount of cocaine involved in the conspiracy count. Under these circumstances the trial court's omission of the amount of cocaine involved in the conspiracy was harmless and does not require reversal. MCR 2.613(A).

Defendant Marji also argues that the trial court erred by sentencing him to the same mandatory twenty-year minimum sentence for conspiracy as was required for delivery of cocaine. We disagree. Under the conspiracy statute, a defendant convicted of conspiracy "shall be punished by a penalty equal to that which could be imposed if he had been convicted of committing the crime he conspired to commit." MCL 750.157a(a); MSA 28.354(1)(a). The court did not err by sentencing defendant for conspiracy to the same term he received for delivery of cocaine.

VIII

Defendant Marji argues that the prosecutor's closing remarks denied him a fair trial. He claims that the prosecutor improperly denigrated defense counsel and referred to defendant's background so as to improperly prejudice the jury. We disagree.

The test for determining whether prosecutorial misconduct requires reversal is whether the defendant was denied a fair and impartial trial. *People*

*v Burnett,* 166 Mich App 741, 754; 421 NW2d 278
(1988), lv den 431 Mich 899 (1988); *People v Baire-
foot,* 117 Mich App 225, 228; 323 NW2d 302 (1982).
Questions involving prosecutorial misconduct are
decided on a case-by-case basis, and the court must
evaluate each question within the context of the
particular facts of the case. *Burnett, supra; People
v Callington,* 123 Mich App 301, 305; 333 NW2d
260 (1983).

In the present case, defense counsel failed to
object to some of the remarks at trial. Under these
circumstances, appellate review is precluded "un-
less the prejudicial effect could not have been
cured by a cautionary instruction and failure to
consider the issue would result in a miscarriage of
justice." *People v Williams,* 162 Mich App 542,
548-549; 414 NW2d 139 (1987), lv den 430 Mich
867 (1988). See also *People v Dalessandro,* 165
Mich App 569, 578-579; 419 NW2d 609 (1988), lv
den 430 Mich 880 (1988).

To determine whether appellate review is proper
in this case, an initial examination of the prose-
cutor's remarks to which no objections were made
is necessary. First, defendant Marji contends that
the prosecutor unfairly characterized defendant's
role in the conspiracy. Specifically, the prosecutor
stated:

> Conspiracy itself is almost like an octopus. An
> octopus has all those tentacles. In this case, Mr.
> Marji is like in the center of the octopus. He's like
> the brain, the heart. And I can see that Mr.
> Thomas is a small tentacle way out there. He only
> has sixty-six bucks in his pocket.

This comment could have been cleared up by an
appropriate jury instruction. However, no miscar-
riage of justice occurred because the remarks were

not improper. A prosecutor is free to comment on the evidence and to draw all reasonable inferences therefrom. *People v Buckey,* 424 Mich 1, 14-15; 378 NW2d 432 (1985); *People v Conte,* 152 Mich App 8, 15; 391 NW2d 763 (1986). This Court in *People v Cowell,* 44 Mich App 623, 628-629; 205 NW2d 600 (1973), has also held:

> [A] prosecutor must avoid inflaming the prejudices of a jury, but there is no requirement that he phrase his argument in the blandest of all possible terms. The prosecutor is, after all, an advocate and he has not only the right but the duty to vigorously argue the people's case.

The aforementioned statement of the prosecutor simply illustrated the prosecutor's inference from the evidence that defendant Marji was the head of the conspiracy. As previously stated, the prosecutor was not required to state these inferences in the "blandest of all possible terms." *Cowell, supra.*

Defendant Marji also challenges the following comments by the prosecutor:

> He's got a priest out there. They're talking about his family. Was Mr. Marji thinking about his family and the families of wherever this is going to go? That's what this case is about. This pound of cocaine, the twenty thousand dollars he was going to get, and his greed.
>
> This man comes from the Middle East, and he's not content to make his money from the gas station. He needs more. He gets into the cocaine, nontaxable income life-style.
>
> He insulates himself, because he's clever. He's not going to touch that dope. He uses beepers and phones, and he uses people to do the dirty work. He gets the people to touch the dope so he can never have it on his hands. All he has is dirty, filthy money in all denominations that probably can't be traced.

Just money. Isn't he smart? Isn't he a clever man? He's insulated himself from the crime.

In *People v Anderson*, 166 Mich App 455, 470; 421 NW2d 200 (1988), lv den 432 Mich 858 (1989) (only as to the companion case, *People v Stinson*), the prosecutor made reference to reasonable differences between defendant and the jurors. The prosecutor stated that defendants came from the suburbs to hurt residents of Detroit. The Court found that, while the prosecutor overstepped his bounds, defendant's lack of objection to the remarks made reversal unwarranted. Although the present case involves the prosecutor's reference to where defendant Marji came from, Marji's attire and the presence of a priest in the courtroom, we believe that the Court's decision in *Anderson, supra,* applies in this case. The remarks in this case do not rise to the level of impropriety which necessitates reversal.

Moreover, any prejudicial effect of the arguments could have been cured by a cautionary instruction to the jury that the prosecutor's comments should be disregarded. Therefore, the prosecutor's statements do not require reversal.

Defendant Marji assigns error to other comments by the prosecutor to which objections were posed, which objections the trial court overruled. Therefore, defendant preserved consideration of the propriety of these statements for appellate review. As previously stated, these comments should be analyzed to determine whether defendant was denied a fair and impartial trial. *Burnett, supra,* and *Bairefoot, supra.*

Defendant Marji contends that the prosecutor erred by characterizing his defense as desperate and his counsel as perpetrating shenanigans. The comments were as follows:

I think he's presented a rather desperate defense through his attorney. I think he has a lot of audacity to sit here . . . .

I call it a desperate defense. I will in fact go so far as to call the man, rather, a person that's filled with audacity. With all this money, he can stand here in this T-shirt, but with these fine leather shoes on his feet. Amazing, isn't it? Poor man.

He has this most fascinating lawyer I've ever seen. And you know what that is? That's that octopus that is throwing that ink up in our face so that we can't see Mr. Marji for what he is.

He's trying to hide behind the shenanigans of his attorney, and they're attacking the police for being sloppy. Oh, protect me.

We reflect in passing upon some of the tactics of trial attorneys in the era following World War II. Some advocates were convinced that wearing ruptured duck insignia on their suit coat lapels as indicia of having served and having been discharged honorably from the military might influence the decision of a jury. Others wore on their lapel various emblems of recognition of bravery in war time. No objections were ever raised to such attire. However, occasionally some devious tactics were utilized which slipped through without objection. For instance, a litigant with an ample wardrobe would appear wearing a T-shirt; this being so planned to give an intended impression. In this case, the prosecutor's remarks were at least arguably appropriate to point out to the jury the inconsistency of this litigant's portraying himself as a poor man while wearing fine leather shoes and being involved in a drug deal involving a large amount of money.

In *People v Pawelczak,* 125 Mich App 231, 238; 336 NW2d 453 (1983), the prosecutor referred to defendant's defense of mistaken identification as

"fanciful" and "fantastic." Although the defendant failed to object to those remarks, this Court, citing *Cowell, supra,* as support, held that a prosecutor is not required to state his argument in the blandest of terms and may argue that a defendant's story is unbelievable as long as the argument is based on the evidence.

Moreover, in *People v Van Auker,* 111 Mich App 478, 485-486; 314 NW2d 657 (1981), lv den 413 Mich 879 (1982), this Court found that the prosecutor's objected-to comments that defense counsel was in the same league as defendant in trying to "run a con" on the jury did not warrant reversal.

The assistant prosecutor also improperly argued that defendant Marji's background made him greedy and more likely to deal in the cocaine trade. The prosecutor made the following comment at trial:

> This man comes from the Middle East, and he's not content to make his money from the gas station. He needs more. He gets into the cocaine, nontaxable income life-style.

Defense counsel did not object to this comment at trial. Without an objection at trial, appellate review of improprieties in a closing argument is ordinarily precluded unless failure to consider the issue would result in a miscarriage of justice. The reference to defendant Marji's coming from the Middle East was not a proper comment and should have been avoided. However, this comment does not result in a miscarriage of justice.

The prosecutor fairly commented that defendant Marji's defenses were not believable. Defendant Marji was not denied a fair and impartial trial by the prosecutor's remarks.

IX

Defendant Thomas argues that his conviction for delivery of cocaine was contrary to the great weight of the evidence. Defendant Thomas did move for a new trial in the lower court on the basis that the verdict was against the great weight of the evidence. Thomas claims that the inconsistencies in the testimony of two undercover police officers made their testimony unreliable and prevented the prosecution from proving his guilt beyond a reasonable doubt. We disagree.

To determine the sufficiency of evidence supporting a conviction, a reviewing court must view the evidence in a light most favorable to the prosecution and determine whether a reasonable jury could have found the essential elements of the crime proven beyond a reasonable doubt. *People v Hampton,* 407 Mich 354; 285 NW2d 284 (1979), cert den 449 US 885 (1980). Where the testimony given is conflicting, it is for the jury to decide what weight to assess to the evidence. *People v Calloway,* 169 Mich App 810, 826; 427 NW2d 194 (1988). Review of the evidence here reveals no lack of evidence to convict defendant Thomas. Although there were some conflicts between the testimony given by the two key witnesses, it was for the jury to evaluate these discrepancies and determine the credibility of this testimony. The trial court did not err by denying defendant Thomas' motion for a new trial.

X

Defendant Thomas also contends that imposition of a twenty to thirty year sentence constitutes cruel and unusual punishment. We disagree.

The mandatory sentencing provision of MCL

333.7401; MSA 14.15(7401) is constitutional and does not amount to cruel and unusual punishment. *People v Ward,* 133 Mich 344, 357; 351 NW2d 208 (1984), lv den 422 Mich 975 (1985); *People v Kaigler,* 116 Mich App 567, 572; 323 NW2d 486 (1982). Further, the mandatory penalty provisions of MCL 333.7401(2)(a)(ii); MSA 14.15(7401)(2)(a)(ii), which result in a twenty to thirty year sentence, have been held not to constitute cruel and unusual punishment. *People v Matthews,* 143 Mich App 45, 64; 371 NW2d 887 (1985); *People v Puertas,* 122 Mich App 626, 630; 332 NW2d 399 (1983), lv den 417 Mich 1056 (1983).

Nor are we persuaded that, because following defendant Thomas' conviction the Legislature amended the statute to provide for only a ten-year minimum sentence, the sentencing court herein has discretion to depart from the minimum sentence requirement. MCL 333.7401(2)(a)(ii) and (4); MSA 14.15(7401)(2)(a)(ii) and (4). The general rule is that the sentence or punishment imposed is that prescribed by the statute in force at the time of the commission of the crime. Amendments to criminal statutes concerning sentence or punishment are not retroactive. *People v Jackson,* 179 Mich App 344; 445 NW2d 513 (1989).

Affirmed.

Gillis, J., concurred.

Michael J. Kelly, P.J. *(dissenting in part).* I concur in the majority's affirmance of both defendants' convictions but disagree with its holding that defendant Thomas' sentence does not constitute cruel and unusual punishment.

Since defendant Thomas' conviction, the Legislature has amended the statute to provide for a lesser ten-year minimum sentence and to give the

sentencing court discretion to depart from the minimum sentence requirement. MCL 333.7401(2)(a)(ii), 333.7401(4); MSA 14.15(7401)(2)(a)(ii), 14.15(7401)(4). This legislative revision indicates that the punishment defendant Thomas received was not proportionate to his crime, and so constitutes cruel and unusual punishment. *People v Schultz*, 172 Mich App 674, 687; 432 NW2d 742 (1988). I would remand defendant Thomas' case for resentencing under the new statute.