# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

      Plaintiff-Appellee,

v

RICHARD MARC MEYERS,

      Defendant-Appellant.

UNPUBLISHED
February 7, 2017

No. 329573
Eaton Circuit Court
LC No. 15-020145-FH

Before: M.J. KELLY, P.J., and STEPHENS and O'BRIEN, JJ.

PER CURIAM.

Defendant appeals as of right from his conviction following a jury trial of willfully failing to register under § 9(1)(a) of the Sex Offenders Registration Act (SORA), MCL 28.721 *et seq.*, for which the trial court sentenced him, as a third offense habitual offender, MCL 769.11, to 30 to 90 months' imprisonment. We affirm defendant's conviction, but remand for resentencing.

## I. BACKGROUND

The parties stipulated that defendant had been previously convicted of first-degree criminal sexual conduct (CSC-I), that he knew that he was required to register as a sex offender for life, and that defendant's registered address as of January 2014 was a residence in Vermontville, Michigan. Plaintiff presented six witnesses to support its theory that, in the late fall of 2013 and early winter of 2014, defendant was not living with his wife in Vermontville but rather resided at a residence in Battle Creek. Defendant's wife testified that he never spent more than two nights away from the Vermontville residence per week.

After he filed his claim of appeal, defendant filed a motion to remand so that he could seek a new trial in the trial court based on the assertion that "the guilty verdict was against the great weight of the evidence." This Court granted defendant's motion.[1] On remand, the trial court denied defendant's motion for a new trial, stating as follows:

---

[1] *People v Meyers*, unpublished order of the Court of Appeals, entered June 30, 2016 (Docket No. 329573).

[T]he jury found the witnesses to be credible, and the inconsistencies in their testimony do not raise a real concern that an innocent person may have been convicted, nor does allowing the verdict to stand appear to be a significant miscarriage of justice. The testimony has sufficient weight to support a conviction, and while there may be inconsistencies in the witness' testimony, the inconsistencies are minor and the sort of inconsistencies common to differences in perception and in human memory over time.

## II. ANALYSIS

## A. SENTENCING

Defendant argues that he is entitled to resentencing because the trial court imposed a departure sentence without recognizing it was a departure and, as a result, did not explain how the sentence satisfied the principle of proportionality. At sentencing, the trial court explained the factors it considered when determining an appropriate sentence:

I'm considering the punishment aspect, which is always important; as are the rehabilitation prospects; deterrence; protection of society. In this matter, one of the whole reasons for having this Act is protection of society; so people have the ability to know who in their approximate location, geographical location is residing that has criminal sexual conduct conviction on their record. People wanna know these things. People with children wanna know these things.

And I'm not inferring, because I believe what [defense counsel] has said on your behalf that apparently this CSC 1st that you're convicted of involved an adult and it's not a matter of involving children. But people have a right to know whose this guy down the block that's there all of the sudden now residing. You know, does he have a record? Can my children walk by there without my worrying about 'em?

*People v Lockridge*, 498 Mich 358, 364; 870 NW2d 502 (2015) held that Michigan's legislative sentencing guidelines were "constitutionally deficient" to the extent that judicial fact-finding could be used to increase the guidelines minimum sentence range. As a result, the *Lockridge* Court "sever[ed] MCL 769.34(2)[2] to the extent that it is mandatory and [struck]

---

[2] The language pointed to is the following:

Except as otherwise provided in this subsection or for a departure from the appropriate minimum sentence range provided for under subsection (3), the minimum sentence imposed by a court of this state for a felony enumerated in part 2 of chapter XVII committed on or after January 1, 1999 shall be within the appropriate sentence range under the version of those sentencing guidelines in effect on the date the crime was committed. . . .

down the requirement of a 'substantial and compelling reason' to depart from the guidelines range in MCL 769.34(3)." *Id.* at 391. Going forward, the Court ruled, "[a] sentence that departs from the applicable guidelines range will be reviewed by an appellate court for reasonableness. Resentencing will be required when a sentence is determined to be unreasonable." *Id.* at 392 (citation omitted). In *People v Steanhouse*, 313 Mich App 1, 47-48; 880 NW2d 297 (2015), lv gtd 499 Mich 934 (2016), this Court concluded that the principle of proportionality test articulated in *People v Milbourn*, 435 Mich 630, 634-636; NW2d 1 (1990) should be used when determining whether a sentence is reasonable. Under *Milbourn*, a court must impose a sentence that is "proportionate to the seriousness of the circumstances surrounding the offense and the offender," *Milbourn*, 435 Mich at 636, taking "into account the nature of the offense and the background of the offender," *id.* at 651.

A violation of MCL 28.729(1)(a) is a public order offense (Class F). MCL 777.11b. An OV score of zero points and a PRV score of 40 points results in a sentencing range of 2 to 17 months. MCL 777.67. Because defendant was a third-offense habitual offender, MCL 777.21(3)(b) increases the upper end of the range to 25 months. The trial court's imposition of a 30-month minimum was thus a departure.

It is clear, however, that the court did not understand that it was departing from the guideline range. The Department of Corrections (DOC) incorrectly computed a guidelines range of 5 to 34 months, based on a total prior record variable (PRV) score of 40 and a total offense variable (OV) score of 10, and recommended that "defendant be sentenced to Probation for a period of 5 years, subject to" several conditions. At sentencing, the parties agreed that defendant's overall OV score should be zero points. The trial court stated that the minimum range was therefore "from two to 34, rather than five to 34."

Given that the trial court was operating on a misunderstanding of the recommended minimum guidelines range, and that despite its pointed discussion of the need to protect society it sentenced defendant within the misperceived range, we remand for resentencing.

## B. PROSECUTORIAL MISCONDUCT

Defendant next argues that he prosecutor committed prosecutorial misconduct by vouching for the credibility of his witnesses, making inflammatory statements which have no basis in the evidence, and disparaging defendant. In general, "we consider issues of prosecutorial misconduct on a case-by-case basis by examining the record and evaluating the remarks in context, and in light of defendant's arguments." *People v Thomas*, 260 Mich App 450, 454; 678 NW2d 631 (2004). Where the assertion of error is unpreserved, as is the case here, review is for plain error affecting substantial rights. *People v Aldrich*, 246 Mich App 101, 110; 631 NW2d 67 (2001).

"The prosecutor is . . . an advocate and he has not only the right but the duty to vigorously argue the people's case." *People v Marji*, 180 Mich App 525, 538; 447 NW2d 835 (1989), remanded on other grounds sub nom *People v Thomas*, 439 Mich 896; 478 NW2d 445 (1991) (internal quotation marks and citation omitted). "A prosecutor need not confine argument to the blandest of all possible terms, but has wide latitude and may argue the evidence and all reasonable inferences from it." *Aldrich*, 246 Mich App at 112 (internal quotation marks and

citations omitted). Nonetheless, "the prosecutor's duty of fairness" places several limitations on the scope and character of a prosecutor's advocacy. *People v Flanagan*, 129 Mich App 786, 796; 342 NW2d 609 (1983). These limitations include: (1) a "prosecutor must avoid inflaming the prejudices of a jury," *id.* (internal quotation marks and citation omitted); and (2) a prosecutor "cannot vouch for the credibility of his witnesses to the effect that he has some special knowledge concerning a witness' truthfulness," *People v Bahoda*, 448 Mich 261, 276; 531 NW2d 659 (1995).

Defendant argues that the prosecutor vouched for his witnesses by saying it was his "job" is "to prove the witnesses that I think are telling the truth." The prosecutor did state that it was his job to "prove that witness that I think are telling the truth . . . ." But realizing that he misspoke, the prosecutor stopped, apologized, reoriented his argument, and then stated that his job as a prosecutor is "to put witnesses on the stand that have knowledge of the events and to see how those version of events line up with other people's version of the offense." In effect, the prosecutor cured any error without the need for the trial court to intervene. No plain error affecting defendant's substantial rights is shown.

Defendant also argues that the prosecutor disparaged him and inflamed the jury by stating that defendant did not tell his wife he was sleeping with another woman. This statement was made in the context of a longer argument discussing contradictions in the testimony. It is well-established that "the prosecutor is permitted . . . [to] argu[e] the credibility of witnesses to the jury when there is conflicting testimony and the question of defendant's guilt or innocence turns on which witness is believed." *Flanagan*, 129 Mich App at 796 (citation omitted). Moreover, this argument need not be made in the least objectionable terms. *Aldrich*, 246 Mich App at 112.

Defendant argues that the prosecutor further inflamed the jury by stating that defendant did not truthfully report his work history even though no evidence produced at trial relates to defendant's work history, and by stating that defendant "didn't even tell [his wife that] he was sleeping with another woman, but made her drive him there." The prosecutor's statement that defendant lied about his employment history came in response to defendant's argument that a Michigan State Police trooper did not adequately investigate the case. In this context, the prosecutor is not arguing that defendant is a liar because he did not provide accurate employment history. Rather, he is arguing that defendant's failure to properly report under SORA inhibited the trooper's ability to investigate.

However, because defendant had properly reported his current employer beginning in October 2013, and the trooper's investigation did not begin until February 2014, this argument is not factually supported. Had defendant objected, the trial court could have given a curative instruction. In any event, the jury was instructed that "[t]he lawyers' statements and arguments and any commentary are not evidence." "[J]urors are presumed to follow their instructions." *People v Graves*, 458 Mich 476, 486; 581 NW2d 229 (1998). No plain error affecting substantial rights is shown.

## C. GREAT WEIGHT OF THE EVIDENCE

Defendant argues that the trial court abused its discretion by refusing to grant his motion for new trial based upon his claim that the verdict is against the great weight of the evidence. "A

trial court's denial of a motion for new trial is reviewed for an abuse of discretion." *People v Green*, 313 Mich App 526, 537; 884 NW2d 838 (2015). "The trial court abuses its discretion when its decision falls outside the range of principled outcomes . . . ." *People v Lane*, 308 Mich App 38, 51; 862 NW2d 446 (2014).

A trial judge "may grant a new trial only if the evidence preponderates heavily against the verdict so that it would be a miscarriage of justice to allow the verdict to stand." *People v Lemmon*, 456 Mich 625, 627; 576 NW2d 129 (1998). "The trial court may vacate a verdict only when it does not find reasonable support in the evidence, but is more likely attributable to factors outside the record, such as passion, prejudice, sympathy, or other extraneous considerations." *People v Plummer*, 229 Mich App 293, 306; 581 NW2d 753 (1998).

Defendant's argument is predicated on attacking the credibility of the witnesses who gave damaging testimony. Because questions of witness credibility are insufficient to warrant a new trial, *People v Unger*, 278 Mich App 210, 232; 749 NW2d 272 (2008), the trial court did not abuse its discretion by denying defendant's motion for a new trial.

## D. JUROR QUESTIONS

Defendant urges this Court to align itself with those jurisdictions that have banned the practice of permitting jurors in a criminal trial to pose questions. See, e.g., *Minnesota v Costello*, 646 NW2d 204, 213 (Minn, 2002). In *People v Heard*, 388 Mich 182, 187-188; 200 NW2d 73 (1972), our Supreme Court discussed the practice of permitting jurors to submit questions in a criminal proceeding:

> The practice of permitting questions to witnesses propounded by jurors should rest in the sound discretion of the trial court. It would appear that in certain circumstances, a juror might have a question which could help unravel otherwise confusing testimony. In such a situation, it would aid the fact-finding process if a juror were permitted to ask such a question. We hold that the questioning of witnesses by jurors, and the method of submission of such questions, rests in the sound discretion of the trial court. The trial judge may permit such questioning if he wishes . . . .

We are bound to follow our Supreme Court's precedent. *People v Beasley*, 239 Mich App 548, 556; 609 NW2 581 (2000).

Defendant's conviction is affirmed. We remand for resentencing. We do not retain jurisdiction.

/s/ Michael J. Kelly
/s/ Cynthia Diane Stephens
/s/ Colleen A. O'Brien