PEOPLE v PAWELCZAK

Docket No. 56618. Submitted January 4, 1983, at Grand Rapids.—
Decided March 23, 1983.

John H. Pawelczak was convicted in Recorder's Court of Detroit,
Warfield Moore, Jr., J., of receiving and concealing stolen
property of a value in excess of $100. Defendant appealed.
*Held:*

1. Defendant argued that testimony concerning statements
transmitted over police radios was erroneously admitted. Defen-
dant did not object to its admission at trial and, in fact, made
use of the evidence in bolstering his mistaken identity defense.
The Court of Appeals will not, in the absence of manifest
injustice, review evidentiary questions not raised in the trial
court in a criminal case. There was no manifest injustice.

2. Defendant contended that an insufficient foundation was
laid for the testimony of a police officer that a key found in the
stolen automobile was a master key which would fit many
different types of Ford vehicles. No objection was made to the
admission of the testimony. The officer testified that he had
seen such keys before in the course of his duties. A person
qualified as an expert by knowledge, skill, experience, training,
or education may testify as to his specialized knowledge in the

REFERENCES FOR POINTS IN HEADNOTES

[1] 5 Am Jur 2d, Appeal and Error § 545.
[2] 31 Am Jur 2d, Expert and Opinion Evidence § 26.
   32B Am Jur 2d, Federal Rules of Evidence § 434.
[3] 81 Am Jur 2d, Witnesses § 419.
[4] 75 Am Jur 2d, Trial § 91.
[5] 75 Am Jur 2d, Trial § 211.
   Propriety and prejudicial effect of prosecutor's argument to jury
   indicating his belief or knowledge as to guilt of accused—modern
   cases. 88 ALR3d 449.
[6-8] 21A Am Jur 2d, Criminal Law § 985.
   Modern status of rules and standards in state courts as to adequacy
   of defense counsel's representation of criminal client. 2 ALR4th
   27.
[8] 58 Am Jur 2d, New Trial § 161.
[9] 5 Am Jur 2d, Appeal and Error §§ 685, 688.
[10] 4 Am Jur 2d, Appeal and Error § 528.

form of an opinion or otherwise. The officer's testimony sufficiently established him as an expert so that his testimony concerning the master key presents no manifest injustice.

3. Defendant contends that he was deprived of a fair trial by certain questions and comments by the trial judge. A trial judge has discretion to question witnesses to shed light on something unclear in the testimony but must not allow his views on disputed issues of fact to become apparent to the jury. A trial judge's comments deprive defendant of his right to a fair trial where they are of such a nature as to unduly influence the jury. None of the judge's questions or comments required reversal.

4. Defendant contended that certain arguments made by the prosecutor deprived him of a fair trial. No objection was made to the arguments at issue and, under such circumstances, appellate review is foreclosed unless failure to consider the issue would result in a miscarriage of justice. The prosecutor's arguments did not result in a miscarriage of justice.

5. Defendant alleged ineffective assistance of counsel. A convicted person who attacks the adequacy of the representation he received at his trial must prove his claim and to the extent his claim depends on facts not of record, it is incumbent on him to make a testimonial record at the trial court level in connection with a motion for a new trial which evidentially supports his claim and which excludes hypotheses consistent with the view that his trial lawyer represented him adequately. Defendant made a delayed motion for a new trial alleging generally a miscarriage of justice due to ineffective assistance of counsel. The motion did not specify how counsel had been ineffective and no request for an evidentiary hearing was made. Affirmed.

1. CRIMINAL LAW — APPEAL — EVIDENCE — PRESERVING QUESTION.

The Court of Appeals will not, in the absence of manifest injustice, review evidentiary questions not raised in the trial court in a criminal case.

2. WITNESSES — EXPERT WITNESSES — RULES OF EVIDENCE.

A person qualified as an expert by knowledge, skill, experience, training, or education may testify as to his specialized knowledge in the form of an opinion or otherwise (MRE 702).

3. TRIAL — QUESTIONING BY JUDGES.

A trial judge has discretion to question witnesses to shed light on something unclear in the testimony but must not allow his views on disputed issues of fact to become apparent to the jury.

4. CRIMINAL LAW — JUDICIAL COMMENT — FAIR TRIAL.

     A trial judge's comments deprive defendant of his right to a fair trial where they are of such a nature as to unduly influence the jury.

5. CRIMINAL LAW — PROSECUTORIAL COMMENT.

     A prosecutor is not required to state his arguments in the blandest possible terms and may argue that a defendant's story is unworthy of belief as long as such argument is based on the evidence rather than on matters not of record or the prestige of the prosecutor's office.

6. CRIMINAL LAW — ASSISTANCE OF COUNSEL.

     The standard to determine whether a defendant had effective assistance of counsel in a criminal trial is that defense counsel must perform at least as well as a lawyer with ordinary training and skill in the criminal law and must conscientiously protect his client's interests, undeflected by conflicting considerations.

7. CRIMINAL LAW — ASSISTANCE OF COUNSEL — EFFECTIVE ASSISTANCE OF COUNSEL — MISTAKE OF COUNSEL.

     The assistance of counsel in a criminal trial has not been constitutionally defective if the action of counsel that appears erroneous from hindsight was taken for reasons that would appear sound to a competent criminal attorney.

8. CRIMINAL LAW — ATTORNEY AND CLIENT — RECORD — NEW TRIAL.

     A convicted person who attacks the adequacy of the representation he received at his trial must prove his claim and to the extent his claim depends on facts not of record, it is incumbent on him to make a testimonial record at the trial court level in connection with a motion for a new trial which evidentially supports his claim and which excludes hypotheses consistent with the view that his trial lawyer represented him adequately.

9. APPEAL — MOTION TO REMAND — COURT RULES.

     A motion to remand made in the Court of Appeals is not timely unless filed within the time provided for filing the appellant's brief (GCR 1963, 815.1[1], 817.6[1]).

10. APPEAL — *EX PARTE* AFFIDAVITS.

     *Ex parte* affidavits, filed for the first time in an appellate brief, may not serve to enlarge the record on appeal.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *William L. Cahalan,*

Prosecuting Attorney, *Edward Reilly Wilson,* Deputy Chief, Civil and Appeals, and *Janice M. Joyce Bartee,* Assistant Prosecuting Attorney, for the people.

*Stephen J. Remski,* for defendant.

Before: MacKenzie, P.J., and R. B. Burns and E. A. Quinnell,* JJ.

Per Curiam. After a jury trial, defendant was convicted of receiving and concealing stolen property of a value in excess of $100, MCL 750.535; MSA 28.803. Defendant was sentenced to two years of probation and appeals by right.

I

Defendant argues that testimony concerning statements transmitted over police radios was erroneously admitted. In *People v Eady,* 409 Mich 356, 361-362; 294 NW2d 202 (1980), the Court held that there was no "radio run" exception to the hearsay rule. The Court noted, however, that in some instances evidence of statements transmitted over the radio may be properly admitted for purposes other than to show the truth of the matter asserted, such as to show the listeners' knowledge or motives if relevant to an issue in the case. The Court concluded that use of such evidence to show the truth of the matter asserted was not harmless error in the case before it because it was used to corroborate the testimony of the complainant and to refute the testimony of the defendant on a crucial issue in the case.

Here, testimony showed that an automobile had

* Circuit judge, sitting on the Court of Appeals by assignment.

been reported stolen and that the description and license number of the automobile were broadcast over the police radio. Two officers on patrol in a marked police car observed an automobile matching the broadcast description and pursued. The occupant of the stolen automobile abandoned it, and one officer continued the pursuit on foot while the other broadcast a description of the occupant over the radio. The pursuing officer lost sight of the man who had escaped from the stolen automobile during the chase, but officers from another patrol car arrested defendant because he was on foot in the same neighborhood and matched the broadcast description. Both officers from the first patrol car positively identified defendant as the man they had seen in the stolen automobile. Defendant, however, claimed that he was an innocent bystander and that his arrest was a case of mistaken identity.

No objection was made to the admission of the testimony at issue here. Under such circumstances, this Court will not review a claim that evidence was erroneously admitted absent manifest injustice. See, for example, *People v Johnson,* 116 Mich App 452, 459; 323 NW2d 439 (1982). The evidence at issue here was offered to show the motives of the police officers for pursuing the stolen vehicle and for arresting defendant rather than to prove the truth of the matter asserted. The circumstances of the arrest were relevant to prove defendant's identity as the perpetrator of the crime. In another case, defendant might point to authorities such as *People v Therrien,* 97 Mich App 633; 296 NW2d 8 (1979), and argue that, as testimony of the officers' prior description of defendant tended to impermissibly bolster their identification testimony, the probative value of such testimony was outweighed by its prejudicial effect.

Here, however, defendant sought to support his defense of mistaken identity by relying on alleged discrepancies in accounts of the broadcast description and by attempting to show that the broadcast description did not match him. Under such circumstances, the failure to object to the admission of this testimony appears to have been a conscious choice of reasonable trial strategy. Admission of this testimony presents no manifest injustice.

Defendant also argues that an insufficient foundation was laid for the testimony of a police officer that a key found in the stolen automobile was a master key which would fit many different types of Ford vehicles. Again no objection was made to the admission of the testimony which defendant's argument concerns. The officer testified that he had seen such keys before in the course of his duties. A person qualified as an expert by knowledge, skill, experience, training, or education may testify as to his specialized knowledge in the form of an opinion or otherwise. MRE 702. The officer's testimony sufficiently established him as an expert so that his testimony concerning the master key presents no manifest injustice.

## II

Defendant contends that he was deprived of a fair trial by certain questions and comments by the trial judge. A trial judge has discretion to question witnesses to shed light on something unclear in the testimony but must not allow his views on disputed issues of fact to become apparent to the jury. *People v Young,* 364 Mich 554, 558; 111 NW2d 870 (1961); *People v Jackson,* 97 Mich App 660, 662-663; 296 NW2d 135 (1980). Defendant first points to exchanges in which the trial judge questioned a defense witness about the

date on which he spent the evening with defendant. There was nothing improper about such questioning under the circumstances presented here. The date to which the witness originally testified would have rendered his testimony useless to defendant because it was the day after defendant's arrest; the trial judge's questioning resolved the confusion of the witness and could only have helped defendant.

Defendant also complains of the comment by the trial judge which appears during the following exchange on direct examination of defendant:

"*Q.* The officers carrying you to the precinct never recited any rights to you?

"*A.* No.

"*Q.* Did they say anything to you on the way in the car?

"*A.* No, just, you know, you're in trouble and just keep on playing it as a joke, kind of, you know.

"*Q.* And did you say anything to them?

"*A.* Uh, no. I just kept on saying you've got the wrong guy.

"*Q.* So it's your testimony then that the first time that your rights were either read to you—

"*[Assistant prosecutor]* (interposing): I'm going to object. What is the point here?

"*The Court:* What is a point?

"*[Assistant prosecutor]:* We're not offering any confession.

"*The Court:* Yes, and on the way down to the station they never said anything to him except you're in trouble. Kind of like a rock and roll record. You know, you're in trouble. He says, you've got the wrong guy. Two verses repeated over and over again. They play to the tune of, uh—counsel, they haven't said anything and got no statement."

A trial judge's comments are reversibly errone-

ous if they are of such a nature as to unduly influence the jury and thereby deprive defendant of his right to a fair trial. *People v Rogers,* 60 Mich App 652, 657; 233 NW2d 8 (1975). The comment at issue here was perhaps unwise but was by no means prejudicial to defendant. It precisely reflects defendant's own testimony as to the repetitious nature of what occurred. It applies equally to defendant's conduct and that of the arresting officers. We cannot see how it carries an implication that defendant's defense lacked merit. It could not have unduly influenced the jury or deprived defendant of a fair trial.

## III

Defendant also contends that certain arguments made by the prosecutor deprived him of a fair trial. No objection was made to the arguments at issue and, under such circumstances, appellate review is foreclosed unless our failure to consider the issue would result in a miscarriage of justice. See, for example, *People v Jansson,* 116 Mich App 674, 692-693; 323 NW2d 508 (1982). Defendant points to argument in which his defense of mistaken identification was referred to in terms such as "fanciful", "fantastic", and "a kill of good". However, a prosecutor is not required to state his arguments in the blandest possible terms and may argue that a defendant's story is unworthy of belief as long as such argument is based on the evidence rather than on matters not of record or the prestige of the prosecutor's office. *People v Cowell,* 44 Mich App 623, 628-629; 205 NW2d 600 (1973); *People v Couch,* 49 Mich App 69, 72-73; 211 NW2d 250 (1973). The prosecutor's argument here was based on the evidence and was therefore not improper.

Defendant complains of the prosecutor's argument that the master key found in the stolen automobile was "the type of key that only a dealer or a thief would have in his possession". This argument was a rational inference from the testimony concerning the nature of the key. Moreover, it is impossible to see how this argument could have harmed defendant since the key was not found in defendant's possession but rather in the automobile which all the evidence at trial showed to be stolen.

Defendant also complains of the prosecutor's statement in closing argument that he would think that at least a screwdriver would be necessary to change a rotor in the engine of defendant's van. Defendant was arrested at 3 o'clock on a February morning. Defendant explained that, after an evening of drinking with friends, he had decided to replace the rotor in the engine of his van, which was parked on a nearby street. Defendant had no tools with him at the time of his arrest but explained that no tools were necessary to change a rotor.

Arguably there was no evidence in the record to support an inference that any sort of tool was necessary to change the van's rotor. However, in view of the absence of objection, the lack of emphasis given this point by the prosecutor, and the general implausibility of defendant's explanation, we cannot say that a miscarriage of justice will result from our failure to consider this issue.

## IV

Defendant argues that he was ineffectively assisted by counsel at trial. In *People v Garcia,* 398 Mich 250, 264-266; 247 NW2d 547 (1976), the Court

established a two-pronged test of counsel's assistance. A defendant is denied a fair trial if his otherwise competent counsel makes a serious mistake but for which defendant would have had a reasonably likely chance of acquittal. See also *People v Degraffenreid,* 19 Mich App 702; 173 NW2d 317 (1969). A defendant is denied the right to counsel if his counsel fails to perform at least as well as an attorney with ordinary training and skill in the criminal law or fails to conscientiously protect defendant's interest undeflected by conflicting considerations. See also *Beasley v United States,* 491 F2d 687 (CA 6, 1974). Actions which may appear erroneous in hindsight but which were taken for reasons which would appear sound to a competent criminal attorney do not amount to the ineffective assistance of counsel. *Garcia, supra,* p 266; *Beasley, supra,* p 696. Where a defendant's claim of ineffective assistance of counsel depends on facts not of record, defendant must make an evidentiary record at the trial court level in connection with a motion for a new trial. For a defendant to prevail on a claim of ineffective assistance of counsel, the record must support the claim and exclude all hypotheses consistent with the view that the trial attorney represented him adequately. *People v Ginther,* 390 Mich 436, 442-443; 212 NW2d 922 (1973).

Here, defendant brought a delayed motion for a new trial which asserted in part that defendant's trial resulted in a miscarriage of justice due to ineffective assistance of counsel. However, the motion contained no specification of how counsel had been ineffective and there is no record of any request for an evidentiary hearing. The motion was denied for lack of merit.

On appeal in this Court, defendant filed a mo-

tion to remand, ostensibly pursuant to GCR 1963, 817.6(1). However, such a motion is timely only if filed within the time provided in GCR 1963, 815.1(1) for filing the appellant's brief. Defendant's motion was untimely and again contained no specification of how counsel had been ineffective. Defendant's motion was denied as untimely and for lack of merit in the grounds presented.

In his brief on appeal, defendant has specified 18 ways in which he claims that his trial counsel was ineffective. Defendant attempted to support his claim with *ex parte* affidavits and exhibits attached to his brief. This Court will not consider such materials. *Dora v Lesinski,* 351 Mich 579, 581; 88 NW2d 592 (1958); *Spartan Asphalt Paving Co v Tri-Cities Construction, Inc,* 68 Mich App 305, 309; 242 NW2d 565 (1976). Accordingly, the affidavits and exhibits were ordered stricken on the prosecution's motion. Now defendant urges us to retain jurisdiction and remand the case to the trial court for an evidentiary hearing on his claim of ineffective assistance of counsel. In view of defendant's history of dilatory conduct with respect to this issue, we decline to adopt this suggestion. We note that, after our decision in this appeal, jurisdiction will reattach in the trial court for all purposes not inconsistent with this decision. *People v Kennedy,* 384 Mich 339, 343; 183 NW2d 297 (1971).

Of defendant's 18 specifications, the following are unreviewable because they depend on facts not of record:

(1) Inadequate pretrial interview with defendant.

(2) Failure to obtain Anthony Wozniak as a defense witness.

(3) Failure to discover before trial the criminal record of defense witness Zaborowski.

(4) Failure to discover before trial that certain defense witnesses were confused as to the color of defendant's jacket.

(5) Failure to discover before trial that an alley referred to in the testimony of certain police officers did not exist.

(6) Misadvice given defendant concerning a diversion program.

(7) Failure to explain defendant's speech impediment to the jury.

(8) Failure to disclose the criminal record of defense witness Zaborowski on direct examination.

(9) Failure to show defendant's employment to show lack of motive.

(10) Failure to show that defendant had no prior criminal record.

(11) Failure to corroborate defendant's testimony that he did not need tools to change the rotor on his van.

The following specifications involve matters raised as issues on appeal and are without merit in view of our disposition of those issues:

(1) Failure to object to alleged "radio run" hearsay.

(2) Failure to object to the prosecutor's remarks in closing argument.

The following specifications involve subjective judgments on the part of trial counsel which can rarely, if ever, be the basis of a successful claim of ineffective assistance of counsel:

(1) Failure to exhaust peremptory challenges.

(2) Waiver of opening argument.

On this record, we cannot say that no attorney with ordinary training and skill in criminal law would act as did the trial counsel here or that the trial counsel's actions were serious mistakes but

for which defendant would have had a reasonably likely chance of acquittal.

Another specification on which defendant relies is counsel's failure to object to certain questions asked by the prosecutor during voir dire of potential jurors. The purpose of such voir dire is to afford counsel an opportunity to develop a rational basis for excluding jurors for cause or by peremptory challenge. *People v Larry Smith (After Remand)*, 122 Mich App 202; 332 NW2d 401 (1982). The scope of voir dire is within the sound discretion of the trial judge. *People v Harrell*, 398 Mich 384; 247 NW2d 829 (1976). The questions at issue were not inconsistent with the purpose of voir dire. Defendant has not cited, and we cannot find, any authority suggesting that such questions were improper. On this record, we cannot say that no attorney with ordinary training and skill in the criminal law would have failed to object or that the failure to object was a serious mistake but for which defendant would have had a reasonably likely chance of acquittal.

Another specification on which defendant relies is counsel's failure to rehabilitate defendant on redirect examination. As defendant does not explain how this could have been accomplished, and as no method of accomplishing this is apparent from the record, this specification is without merit.

Defendant's final specification involves the following remark by defense counsel during closing argument in reference to inconsistencies in the testimony of defense witnesses:

"They did not have all those stories down pat. Maybe if I had rehearsed them better, they might have, but I think they were testifying from what they knew and what they remembered. I think they were good witnesses and I think that they were believable."

Defendant argues that this remark implied that the defense witnesses had been rehearsed. However, it appears to us that the remark carries the contrary implication.

Affirmed.