■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PAUL CICHOREK, Appellant. — Appeal by defendant, as limited by his motion, from a sentence of the Supreme Court, Westchester County (McNab, J.), imposed May 28, 1981. Sentence affirmed. No opinion. This case is remitted to the Supreme Court, Westchester County, for further proceedings pursuant to CPL 460.50 (subd 5). Thompson, J. P., Gulotta, O'Connor and Bracken, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN COOPER, JAMES WALLACE and WYANDANCH ECONOMIC DEVELOPMENT CORP., Appellants. — Appeals by defendants from three judgments of the County Court, Suffolk County (Harris, J.), all rendered August 6, 1982, convicting each defendant of two counts of offering a false instrument for filing in the first degree and also convicting defendant Wyandanch Economic Development Corp. of attempted grand larceny in the third degree, upon jury verdicts, and imposing sentences. Judgments reversed, on the law, and new trial ordered before a Judge other than the Judge who presided at the first trial. We find that the interference of the Trial Judge during the course of the trial whereat he assumed a prosecutorial role seriously prejudiced defendants' right to a fair trial so that their convictions must be reversed and a new trial ordered. We recognize that it is the duty of a Trial Judge to actively examine witnesses to clarify the issues for the jury or to facilitate or expedite the orderly progress of the trial (*People v Yut Wai Tom,* 53 NY2d 44, 57). This duty, however, must be properly circumscribed so as not to result in the court taking an adversarial position at the trial (*People v Tucker,* 89 AD2d 153). Under the circumstances of this case, where incriminating testimony was elicited by the court's own questioning, a reversal is required to insure defendant's right to a fair trial. The People argue that defendants have not preserved this issue for review (see *People v Charleston,* 56 NY2d 886). Our review of the record, however, indicates that counsel entered objections to the court's conduct at a meaningful time but to no avail. It is clear that at other times counsel objected to the *fact* of the court's questioning and not merely the nature of the question as was the situation precluding review of the court's conduct in *People v Charleston (supra)*. Accordingly, we find the issue is preserved. In light of our determination we need not reach the other issues presented. Damiani, J. P., Titone, Mangano and Gibbons, JJ., concur.