■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v

WILLIAM HENRY, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Naro, J.), rendered March 10, 1987, convicting him of burglary in the first degree, burglary in the second degree, petit larceny, criminal trespass in the second degree, criminal mischief in the fourth degree, possession of burglar's tools and criminal possession of a weapon in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is modified, on the law and as a matter of discretion in the interest of justice, by reversing the convictions of burglary in the second degree and criminal trespass in the second degree, vacating the sentences imposed thereon, and dismissing those counts of the indictment; as so modified, the judgment is affirmed.

The defendant claims that the jury improperly credited the testimony of the prosecution's key witness, who claimed to be a reformed drug addict, yet appeared to have been using drugs at the time of trial. The defendant also claims that the jury improperly rejected the testimony of his alibi witness, his mother. However, issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury, which saw and heard the witnesses (see, People v Gaimari, 176 NY 84, 94). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record (see, People v Garafolo, 44 AD2d 86, 88). Upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (CPL 470.15 [5]).

The defendant's conviction of both burglary in the second degree (Penal Law § 140.25) and criminal trespass in the second degree (Penal Law § 140.15) must be dismissed as inclusory concurrent counts of burglary in the first degree as defined in Penal Law § 140.30 (3) (see, People v Delgado, 143 AD2d 1033, 1035, lv denied 73 NY2d 854).

We have examined the defendant's remaining contentions and find them to be without merit. Rubin, J. P., Sullivan, Harwood and Balletta, JJ., concur.