■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JULIAN BAXTER, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Pincus, J.), rendered June 9, 1983, convicting him of attempted murder in the second degree, attempted robbery in the first degree (two counts), assault in the first degree, and criminal possession of a weapon in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's claim that, due to the complainant's alleged intoxication his identification of the defendant is incredible as a matter of law, is without merit. Viewing the evidence in the light most favorable to the People *(People v Contes,* 60 NY2d 620, 621), we find that it was legally sufficient to establish the defendant's guilt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (CPL 470.15 [5]). Resolution of issues of credibility, as well as the weight to be accorded to the evidence presented are primarily questions to be determined by the jury, which saw and heard the witnesses *(People v Gaimari,* 176 NY 84, 94). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record *(see, People v Garafolo,* 44 AD2d 86, 88). In the instant case, the complainant, a taxicab driver, stated that he drank a seven-ounce bottle of beer with his dinner at about 6:00 P.M. At about 7:30 P.M. he picked up the defendant and three companions in his taxicab. At trial, the defendant admitted that he was in the taxicab, but claimed that he exited the cab before the complainant was attacked. The jury properly credited the complainant's identification of the defendant as the person who stabbed and attempted to rob him, and rejected the defendant's account.

We have considered the defendant's remaining contentions, including those raised by his supplemental *pro se* brief, and find them to be without merit. Bracken, J. P., Lawrence, Harwood and Balletta, JJ., concur.