■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GEORGE COLLINS, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Pincus, J.), rendered September 14, 1988, convicting him of criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence in a light most favorable to the prosecution (see, People v Contes, 60 NY2d 620, 621), we find that it was legally sufficient to establish the defendant's guilt. Contrary to the defendant's contention, we do not find that the testimony of the prosecution's key witness was incredible as a matter of law (see, e.g., People v Baxter, 157 AD2d 788; People v Henry, 151 AD2d 501, 502). Resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury, which saw and heard the witnesses (see, People v Gaimari, 176 NY 84, 94). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record (see, People v Garafolo, 44 AD2d 86, 88). Upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (see, CPL 470.15 [5]).

With respect to defendant's contention that the trial court improperly interfered with the defense counsel's cross-examination of a witness by interjecting questions, we find that under the circumstances the court acted within acceptable limits in an effort to clarify confusing testimony as well as unclear questions posed by the defense counsel, and to facilitate the orderly and expeditious progress of the trial (see, *People v Yut Wai Tom,* 53 NY2d 44, 55; *People v Jamison,* 47 NY2d 882, 883-884; *People v Moulton,* 43 NY2d 944; *People v De Jesus,* 42 NY2d 519; *People v Cooper,* 96 AD2d 866).

We have reviewed the defendant's remaining contentions and find them to be either unpreserved for appellate review or without merit. Kunzeman, J. P., Kooper, Harwood and O'Brien, JJ., concur.