■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY WALKER, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Pitaro, J.), rendered November 8, 1989, convicting him of attempted rape in the first degree, burglary in the third degree, sexual abuse in the first degree, assault in the second degree, assault in the third degree, and unlawful imprisonment in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

We find the defendant's contention that the People failed to prove his guilt beyond a reasonable doubt because of inconsistencies in the testimony of some of the prosecution witnesses to be without merit. Resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury, which saw and heard the witnesses *(see, People v Gaimari,* 176 NY 84, 94). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record *(see, People v Garafolo,* 44 AD2d 86, 88). Similarly without merit is the defendant's contention that the fact that the complainant was addicted to crack cocaine at the time of the incident rendered her testimony incredible as a matter of law *(see, People v Mustafa,* 126 AD2d 674). We note that the jury was made well aware of the complainant's background during both direct and cross-examination. We see no reason to disturb the jury's determination in the present case. Viewing the evidence in the light most favorable to the People *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we find that the verdict was not against the weight of the evidence *(see,* CPL 470.15 [5]).

We also reject the defendant's argument that reversal is warranted due to the prosecutor's improper insinuation during her summation that the defendant may have perjured himself during the trial. The very specific curative instruction

delivered by the court effectively dissipated any resulting prejudice (see, People v Ashwal, 39 NY2d 105).

The sentence imposed was not excessive (see, People v Suitte, 90 AD2d 80).

We have examined the defendant's remaining contentions and find them to be unpreserved for appellate review, and, in any event, without merit. Harwood, J. P., O'Brien, Ritter and Copertino, JJ., concur.