■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v REINALDO SIERRA, Appellant. [595 NYS2d 222] —Appeal by the defendant from (1) a judgment of the Supreme Court, Kings County (Grajales, J.), rendered December 14, 1990, convicting

him of grand larceny in the fourth degree under Indictment No. 1144/88, upon a jury verdict, and imposing sentence, and (2) a judgment of the same court, also rendered December 14, 1990, convicting him of attempted criminal possession of a weapon in the third degree under Indictment No. 63/89, upon his plea of guilty, and imposing sentence.

Ordered that the judgments are affirmed.

On November 22, 1987, in the East New York neighborhood of Brooklyn, at 10:30 P.M., the defendant stopped a car approximately five feet from the victims. The passenger got out of the car, told the victims he was a police officer, ordered them to assume a spread-eagled position against the car, frisked them, and stole a coat and $20 from the complainant. After the passenger took the coat and money, the defendant got out of the car, stood behind the victims, and told them to "shut up". The defendant and his passenger then got back into the car and started to drive away. When the complainant yelled that he had the car's license number, the car stopped and the passenger called the complainant to come get his coat. When the complainant approached, the confederate got out and frisked the complainant once more. The confederate then returned to the car and the defendant drove the car away. The police discovered that the car belonged to the defendant's girlfriend and told her that it had been used for a robbery. She testified that she loaned the defendant the car on the morning of November 22, 1987, but initially lied to the police and told them the car had been parked outside her mother's house the night the robbery occurred. She then called the defendant, who told her to continue lying to the police, which she did in response to several more inquiries. Two days after the robbery, the girlfriend saw the defendant and another man in possession of a coat matching the description of the stolen coat.

We disagree with the defendant's contention that the People failed to prove he had the requisite intent for grand larceny in the fourth degree. Viewing the evidence in the light most favorable to the People (see, People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish an "intent to deprive another of property" by taking it "from the person of another" (Penal Law §§ 155.05, 155.30 [5]). Nor are the facts that the complainant was a crack cocaine addict at the time of the robbery and had been drinking that night sufficient to make his testimony incredible as a matter of law (see, People v Walker, 185 AD2d 867; People v Baxter, 157 AD2d 788).

The defendant contends that the complainant's testimony regarding his drug and alcohol consumption on the night of the incident was so unbelievable as to render him unworthy of belief. However, resolution of issues of credibility, as well as the weight accorded to the evidence presented, are primarily questions to be determined by the jury, which saw and heard the witnesses (see, People v Gaimari, 176 NY 84). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record (see, People v Garafolo, 44 AD2d 86). Upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (see, CPL 470.15 [5]).

In light of our determination, we need not reach the defendant's further contention that his plea of guilty under Indictment No. 63/89 must be vacated pursuant to People v Fuggazzatto (62 NY2d 862). Thompson, J. P., Rosenblatt, Eiber and Miller, JJ., concur.