■ In the Matter of ESHALE O. and Others, Children Alleged to be Abused and Neglected. TOMPKINS COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; ANITA P., Appellant. [689 NYS2d 277] —Mercure, J. Appeal from an order of the Family Court of Tompkins County (Barrett, J.), entered August 22, 1998, which granted petitioner's application, in a proceeding pursuant to Family Court Act article 10, to adjudicate respondent's children to be abused and/or neglected.

Following a fact-finding hearing, Family Court found that respondent had abused her daughter by striking her in the face, back and arms with an electrical cord, causing welts and bruising. On appeal from the ensuing order, respondent merely challenges Family Court's receipt of photographs depicting the child's injuries. Initially, we are not persuaded that Family Court erred by assisting petitioner's counsel in establishing a foundation for admission of the photographs. A court may "properly question witnesses to insure that a proper foundation is made for the admission of evidence" (*People v Yut Wai Tom*, 53 NY2d 44, 58) and question a witness " 'in an effort to clarify confusing testimony as well as * * * to facilitate the orderly and expeditious progress of the [hearing]' " (*Matter of William T.*, 182 AD2d 766, 767, quoting *People v Collins*, 171 AD2d 670, 671, *lv denied* 78 NY2d 964, *lv dismissed* 79 NY2d 999).

Further, based upon our own examination, we reject the contention that the photographs were inflammatory or that their evidentiary value was outweighed by their prejudicial tendency. Contrary to respondent's assertion, no stipulation was made concerning the nature of the child's injuries, and we conclude that the photographs were useful in establishing the nature and severity of the child's injuries, to contradict respondent's testimony that she only spanked the child with her hand, leaving no visible marks, and to corroborate the testimony of other hearing witnesses (*see, People v Wood*, 79 NY2d 958, 960; *Matter of I. Children*, 191 AD2d 699, *lv denied* 82 NY2d 655). Moreover, the cases relied upon by respondent have no reasonable application in the context of a nonjury Family Court trial (*see, Matter of Catherine K.*, 256 AD2d 1025).

Cardona, P. J., Peters, Spain and Carpinello, JJ., concur. Ordered that the order is affirmed, without costs.