*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  March 10, 2016                    520479
_____

In the Matter of MONIQUE D.
    WASHINGTON,
                        Respondent,

        v                                    MEMORANDUM AND ORDER

ERIC K. EDWARDS,
                        Appellant.
_____


Calendar Date:  February 17, 2016

Before:  McCarthy, J.P., Egan Jr., Rose and Lynch, JJ.

_____


        John M. Scanlon, Binghamton, for appellant.

_____


Egan Jr., J.

        Appeal from an order of the Family Court of Broome County
(Connerton, J.), entered January 22, 2015, which granted
petitioner's application, in a proceeding pursuant to Family Ct
Act article 4, to hold respondent in violation of a prior order
of support.

        The parties are the parents of two children (born in 2004
and 2008).  Pursuant to a 2010 order of support, respondent
(hereinafter the father) was required to pay $185 biweekly in
child support.  In 2014, petitioner (hereinafter the mother)
commenced this proceeding alleging that the father had violated
the 2010 support order.  A Support Magistrate determined that the
father had violated the order, but that the violation was not
willful, and established arrears in the amount of $17,726.  The
father filed written objections, arguing that the Support
Magistrate acted inappropriately by actively participating in the
hearing.  Family Court denied the objections, and the father now

appeals.

"[T]he [S]upport [M]agistrate shall conduct the hearing in the same manner as a court trying an issue without a jury in conformance with the procedures set forth in the [CPLR]" (22 NYCRR 205.35 [a]; see Family Ct Act § 439 [d]).  Here, although the mother, appearing pro se, testified that the father had only paid approximately $100 a year in support since the 2010 order, she informed the Support Magistrate that she did not have any documentary evidence to support her allegation.  At the conclusion of her testimony, the Support Magistrate again questioned the mother as to whether she had any further evidence in regard to her petition.  After the mother answered in the negative, the Support Magistrate provided her with a copy of the Broome County Office of Child Support Enforcement Support Obligation Summary, which summarized the amounts owed and the payment history regarding the 2010 order and indicated that the father was in arrears.  Over the father's objection, the Support Magistrate then questioned the mother regarding the contents of the summary.  At the conclusion of the case, the Support Magistrate repeated his question to the mother as to whether she had any documents that she would like to enter into evidence.  After she again answered in the negative, the Support Magistrate inquired whether the mother was requesting that the summary report be admitted into evidence, at which point she answered affirmatively and, over the father's continued objections, the document was admitted into evidence.  The Support Magistrate thereafter used the contents of the summary report as the basis for his calculation of the amount that the father was in arrears.

Certainly, a Support Magistrate "may properly question witnesses to insure that a proper foundation is made for the admission of evidence and question a witness in an effort to clarify confusing testimony as well as to facilitate the orderly and expeditious progress of the hearing" (Matter of Eshale O., 260 AD2d 964, 964 [1999] [internal quotation marks, brackets, ellipses and citations omitted]; see Matter of Cadle v Hill, 23 AD3d 652, 653 [2005]; cf. Matter of Smith v O'Donnell, 107 AD3d 1311, 1313 [2013]).  In our view, however, the Support Magistrate exceeded his authority here.  By actually providing the evidence to the mother during the hearing and using his questions to

ensure that she introduced that evidence, we cannot say that the Support Magistrate was merely ensuring that a proper foundation was set for the admission of the evidence or facilitating the expeditious progress of the hearing. Accordingly, Family Court erred in denying the father's objections to the order of the Support Magistrate.

McCarthy, J.P., Rose and Lynch, JJ., concur.

ORDERED that the order is reversed, on the law, without costs, and matter remitted to the Family Court of Broome County for further proceedings not inconsistent with this Court's decision.

ENTER:

Robert D. Mayberger
Clerk of the Court