# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

JERMAINE DEJUAN HEFLIN,

Defendant-Appellant.

UNPUBLISHED
September 19, 2017

No. 332338
Wayne Circuit Court
LC No. 15-000826-01-FC

Before: O'BRIEN, P.J., and JANSEN and MURRAY, JJ.

PER CURIAM.

Defendant appeals as of right his jury trial convictions of first-degree felony murder, MCL 750.316(1)(b), and possession of a firearm during the commission of a felony (felony-firearm), MCL 750.227b(1). Defendant was sentenced to the mandatory two-year term of imprisonment for the felony-firearm conviction, to be served consecutively to the term of life imprisonment for the first-degree felony murder conviction. We affirm.

Defendant first argues that he was denied the effective assistance of counsel because (1) trial counsel did not move to exclude an identification of defendant by Treasure Glover-Smoot[1] until the first day of trial, (2) trial counsel did not use police statements or other discovery materials in defending the case, and (3) trial counsel did not cross-examine some witnesses or make an opening statement. Defendant argues that he is entitled to a *Ginther*[2] hearing or a new trial in which Glover-Smoot and the other witnesses' identifications of defendant would be suppressed.

Claims of ineffective assistance of counsel present mixed questions of law and fact. *People v Ackley*, 497 Mich 381, 388; 870 NW2d 858 (2015). "A judge must first find the facts,

---

[1] Glover-Smoot was originally a codefendant in this case, and was charged with first-degree felony murder, MCL 750.316(1)(b), second-degree murder, MCL 750.317, and felony-firearm, MCL 750.227b. She negotiated a plea agreement with the prosecution and pleaded guilty to larceny in a building, MCL 750.360. She was sentenced to three years' probation, with the first year spent in jail, and in exchange, had to testify in defendant's case.

[2] *People v Ginther*, 390 Mich 436; 212 NW2d 922 (1973).

then must decide whether those facts establish a violation of the defendant's constitutional right to the effective assistance of counsel." *People v Armstrong*, 490 Mich 281, 289; 806 NW2d 676 (2011) (quotation marks and citation omitted). This Court reviews the trial court's findings of fact for clear error, and questions of constitutional law de novo. *People v Trakhtenberg*, 493 Mich 38, 47; 826 NW2d 136 (2012). "Clear error exists if the reviewing court is left with a definite and firm conviction that the trial court made a mistake." *Armstrong*, 490 Mich at 289. If the issue of ineffective assistance of counsel is unpreserved, this Court's review is limited to the existing record. *People v Heft*, 299 Mich App 69, 80; 829 NW2d 266 (2012). Because defendant did not file a motion seeking a new trial or an evidentiary hearing in the trial court,[3] this issue was not preserved for appellate review. *Id.*

To establish ineffective assistance of counsel, a defendant must show: "(1) counsel's performance was below an objective standard of reasonableness under prevailing professional norms and (2) there is a reasonable probability that, but for counsel's error, the result of the proceedings would have been different." *People v Lockett*, 295 Mich App 165, 187; 814 NW2d 295 (2012). Effective assistance of counsel is "strongly presumed." *People v Vaughn*, 491 Mich 642, 670; 821 NW2d 288 (2012) (quotation marks and citation omitted). This Court will not employ the "benefit of hindsight" to judge trial counsel's performance. *People v Unger*, 278 Mich App 210, 243; 749 NW2d 272 (2008).

## I. FAILURE TO MOVE TO SUPPRESS IDENTIFICATION STATEMENT

Defendant first argues that trial counsel provided ineffective assistance of counsel because he did not move to suppress an identification Glover-Smoot made of defendant until the first day of trial. While Glover-Smoot was in custody, she was shown one photograph of defendant, rather than a "six pack"[4] lineup. She identified defendant as the individual in the photograph, and as the person that shot and killed Abdoul A. Alfassa-Kondo (Aziz) on December 23, 2014, at Aziz's home on Braile Street in Detroit. Defendant has not established (1) that trial counsel's handling of the motion to suppress fell below an objective standard of reasonableness, or (2) that, but for trial counsel's deficient performance, the result of defendant's trial would have been different. *Lockett*, 295 Mich App at 187.

When an unduly suggestive identification procedure is used,[5] suppression of the in-court identification is appropriate, unless there is an independent basis for its admission. *People v*

---

[3] Defendant filed a motion to remand in this Court simultaneously with his brief on appeal. This does not preserve the issue. *Heft*, 299 Mich App at 80. This Court denied defendant's motion to remand. *People v Heflin*, unpublished order of the Court of Appeals, entered November 3, 2016 (Docket No. 332338).

[4] A "six pack" lineup is a collection of photographs of six different individuals.

[5] To the extent defendant suggests, in a cursory fashion, that the procedure the police used to secure Glover-Smoot's identification was unduly suggestive, we disagree with this contention. The record reflects that Officer Michael Russell of the Detroit Police Department used the procedure that he did, presenting only one photograph to Glover-Smoot, because he was

*Gray*, 457 Mich 107, 114, n 8; 577 NW2d 92 (1998). The admission of identification evidence will not be reversed unless it is clearly erroneous, and "[c]lear error exists when the reviewing court is left with the definite and firm conviction that a mistake has been made." *People v Kurylczyk*, 443 Mich 289, 303; 505 NW2d 528 (1993) (opinion by GRIFFIN, J.).

Glover-Smoot pleaded guilty to the charge of larceny in a building, MCL 750.360, on February 12, 2016. Defendant's trial began on February 16, 2016. Trial counsel moved to suppress Glover-Smoot's identification statement as soon as trial began. The trial court allowed trial counsel and the prosecution to prepare for the motion by holding the hearing on trial counsel's motion to suppress the next day, February 17, 2016. The jury was voir dired on February 16, 2016. The motion hearing took place on February 17, 2016, with the testimony of Officer Michael Russell of the Detroit Police Department, and continued on February 18, 2016, with the testimony of Glover-Smoot. The trial court ultimately denied defendant's motion to suppress, concluding that an independent basis existed for Glover-Smoot's identification of defendant, and allowed her to testify at trial.

As an initial matter, defendant has not established that trial counsel's performance fell "below an objective standard of reasonableness under prevailing professional norms[.]" *Lockett*, 295 Mich App at 187. Trial counsel learned that Glover-Smoot pleaded guilty on a Friday, with trial beginning the following Tuesday. This was the very first issue that trial counsel raised before the trial court when the trial began. The trial court promptly began the hearing on this motion the very next day. Trial counsel did not wait to move for suppression of Glover-Smoot's identification until it was "too late," as defendant argues, but rather, promptly addressed the issue at the outset of trial.

Defendant also has not demonstrated that, but for trial counsel moving to suppress Glover-Smoot's identification at the time of trial, there is a reasonable probability that his trial would have turned out differently. *Id*. Instead, defendant merely asserts that had Glover-Smoot's identification been suppressed, the other witnesses would not have similarly identified defendant as the individual who shot and killed Aziz. This argument is unconvincing. First, trial counsel asked the trial court for an order of sequestration, and the trial court dismissed all potential witnesses from the courtroom before taking testimony. Additionally, the other witnesses who identified defendant were not in the courtroom while Glover-Smoot testified. Further, Glover-Smoot turned herself in to the police the day after the shooting occurred, and she was in custody until she pleaded guilty four days before trial. Moreover, Glover-Smoot, Brankica ("Bree") Vukojevic, and Lamonttez Woodard all identified defendant in court as being present at Aziz's home on December 23, 2014. Vukojevic and Woodard saw defendant with a gun, heard the shot, and saw Aziz run out of the home. Multiple witnesses heard defendant say to Aziz that he was shot for raping defendant's sister. After the shooting, defendant told Woodard that he shot Aziz because Aziz was raping defendant's sister. Accordingly, there was

_____

informed by Glover-Smoot that she was already well-familiar with defendant. To the extent that defendant suggests that the trial court erred in allowing Glover-Smoot's identification, we also disagree where the trial court correctly noted that Glover-Smoot spent time with defendant before and after the shooting, allowing her ample opportunity to see and recognize defendant.

ample evidence, independent of Glover-Smoot's identification, to support defendant's conviction.

## II. FAILURE TO USE DISCOVERY MATERIALS

Defendant next argues that trial counsel did not use Crisnet statements, other statements, or discovery materials to defend the case. However, defendant acknowledges that he is still attempting to obtain discovery materials, will file a motion to compel discovery, and once such materials are received, will add to this argument. A copy of such a motion has not been filed in this Court. Defendant also does not specify what statements or discovery materials should have been used at trial, or how defendant was prejudiced by the failure of trial counsel to use these materials. We note that "[b]ecause . . . defendant bears the burden of demonstrating both deficient performance and prejudice, . . . defendant necessarily bears the burden of establishing the factual predicate for his claim" of ineffective assistance of counsel. *People v Carbin*, 463 Mich 590, 600; 623 NW2d 884 (2001). Defendant simply has not met this burden. Further, by advancing a cursory and unsupported argument, defendant has not properly briefed this issue on appeal. A party's failure to properly brief an issue on appeal amounts to abandonment of the issue. *People v McGraw*, 484 Mich 120, 131 n 36; 771 NW2d 655 (2009). Defendant's argument in this regard is, therefore, unavailing.

## III. FAILURE TO GIVE OPENING STATEMENT OR CROSS-EXAMINE WITNESSES

Defendant next argues that remand to the trial court for a *Ginther* hearing is required so that this Court can determine whether trial counsel's failure to give an opening statement or cross-examine witnesses was the product of trial strategy. Defendant notes that trial counsel did not cross-examine William Hopes, who witnessed the shooting, but could not identify defendant as the shooter during trial. Aside from Hopes, defendant does not refer to any of the other witnesses that testified for the prosecution.

Trial counsel has wide discretion regarding strategy at trial "because counsel may be required to take calculated risks to win a case." *Heft*, 299 Mich App at 83. This Court will not substitute its judgment for that of trial counsel concerning matters of trial strategy. See *Strickland v Washington*, 466 US 668, 689; 104 S Ct 2052; 80 L Ed 2d 674 (1984); *People v Payne*, 285 Mich App 181, 190; 774 NW2d 714 (2009). The fact that a trial strategy is ultimately unsuccessful does not render it ineffective assistance of counsel. *People v Petri*, 279 Mich App 407, 412-413; 760 NW2d 882 (2008). Defendant must overcome the strong presumption that trial counsel's performance was the result of sound trial strategy. *People v Horn*, 279 Mich App 31, 39; 755 NW2d 212 (2008).

"The decision when to make an opening statement is a matter of trial strategy over which counsel is given wide discretion." *People v Odom*, 276 Mich App 407, 416; 740 NW2d 557 (2007). Waiving an opening statement involves " 'a subjective judgment on the part of trial counsel which can rarely, if ever, be the basis for a successful claim of ineffective assistance of counsel.' " *Payne*, 285 Mich App at 190, quoting *People v Pawelczak*, 125 Mich App 231, 242; 336 NW2d 453 (1983). In *Payne*, this Court held that trial counsel's performance did not fall below an objective standard of reasonableness where trial counsel declined to give an opening statement. *Payne*, 285 Mich App at 190. In the present case, trial counsel reserved his right to

make an opening statement at the beginning of trial, but ultimately never gave one. However, this decision was one that lay within trial counsel's subjective judgment. *Id*. While it is unclear from the record why trial counsel chose not to give an opening statement, defendant simply has not overcome the "strong presumption" that trial counsel's decision was the product of sound trial strategy. *Horn*, 279 Mich App at 39. Accordingly, we are not persuaded that trial counsel's failure to give an opening statement amounted to ineffective assistance of counsel. *Payne*, 285 Mich App at 190.

Defendant also argues that trial counsel rendered ineffective assistance of counsel by not cross-examining witnesses. "Decisions regarding what evidence to present, whether to call witnesses, and how to question witnesses are presumed to be matters of trial strategy . . . ." *Horn*, 279 Mich App at 39. This Court will not second-guess such matters of trial strategy. *Id.* The failure to call or question witnesses constitutes ineffective assistance of counsel only when it deprives the defendant of a "substantial defense." *People v Russell*, 297 Mich App 707, 716; 825 NW2d 623 (2012). "A substantial defense is one that might have made a difference in the outcome of the trial." *People v Jackson* (*On Reconsideration*), 313 Mich App 409, 432; 884 NW2d 297 (2015) (quotation marks and citation omitted).

Trial counsel did cross-examine Aziz's brother, the assistant medical examiner, an employee of the Red Roof Inn, Glover-Smoot, Woodard and Vukojevic. Trial counsel did not cross-examine Hopes, or the two Detroit police officers who testified at trial. However, defendant has not demonstrated that the failure of trial counsel to cross-examine these witnesses deprived defendant of a substantial defense. *Russell*, 297 Mich App at 716. Defendant only notes that trial counsel failed to cross-examine Hopes, who witnessed the shooting, but could not identify defendant as the shooter. We are not persuaded that trial counsel's failure to cross-examine Hopes deprived defendant of a substantial defense to the extent that the outcome of trial was impacted. *Jackson*, 313 Mich App at 432. Significantly, multiple other witnesses identified defendant as the person that shot and killed Aziz. Specifically, Glover-Smoot testified that she saw defendant shoot Aziz. Woodard testified that he saw defendant with a gun in the moments after Aziz's shooting, and that defendant followed the injured Aziz out of the home after the shooting, stating to Aziz, "[t]hat's what you get for raping my sister." Vukojevic's testimony was consistent with Woodard's, where she stated that defendant entered the home with a gun, a gunshot rang out, and Aziz came running outside after being shot with defendant following, telling Aziz, "that's for raping my sister." Thus, defendant has not demonstrated that trial counsel's failure to cross-examine Hopes deprived defendant of a substantial defense, and we therefore reject his claim of ineffective assistance of counsel on this basis.

Affirmed.

/s/ Colleen A. O'Brien
/s/ Kathleen Jansen
/s/ Christopher M. Murray

-5-